[No. 2,704.]

## THE BANK OF STOCKTON v. L. L. HOWLAND & CO., JOHN INGLIS, A. J. COBURN, G. H. CASTLE, AND H. LAMBERT.

JOINT JUDGMENT ERRONEOUS AS TO ONE DEFENDANT.—A joint judgment on a promissory note rendered against the administrator of a deceased maker and the surviving makers, is erroneous as to the administrator, if it

| | |
|---|---|
| 42 | 129 |
| 77 | 187 |
| 77 | 188 |
| 42 | 129 |
| 85 | 561 |
| 42 | 129 |
| 89 | 5 |
| 42 | 129 |
| 107 | 53 |
| 42 | 129 |
| 123 | 662 |
| 42 | 129 |
| 124 | 574 |

is not made payable *de bonis testatoris*, but this error does not invalidate
it as to the other defendants.

PRESENTATION OF CLAIM TO EXECUTOR.—An objection to a recovery on a
claim against the estate of a deceased person on the ground that it was not
presented to the executor for allowance, cannot be made for the first time
in the Supreme Court, nor on motion for a new trial.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The action was commenced in February, 1870, on a joint promissory note for five thousand dollars. After the commencement of the suit the defendant, Coburn, died. In June, 1870, Harriet Coburn, the administratrix of his estate, was substituted as a defendant in his place, and about the end of the same month judgment was rendered against the administratrix and the other defendants jointly. A motion for a new trial having been denied, the administratrix and the defendants, Castle and Lambert, appealed.

*J. H. Budd* and *W. L. Dudley*, for Appellants.

The judgment against the administratrix of the estate of A. J. Coburn, deceased, was erroneous, because the note was never presented to her for allowance or rejection; and no recovery could be had thereon without proof of presentment. (Probate Act, Sec. 138; *Hentsch* v. *Porter*, 10 Cal. 555; *Coleman* v. *Woodward*, 28 Cal. 567.)

The judgment is entire, and being erroneous as to the administratrix, it is erroneous as to Castle and Lambert, and must be reversed as to all. (*Camp* v. *Bennett*, 16 Wend. 48; *Easton* v. *Calendar*, 11 Wend. 96; *Richard* v. *Walton*, 12 Johns. 434.)

*Byers & Elliott*, for Respondent.

The statute provides that "an action shall not abate by the death of a party," and that "in case of the death of a party * * * the Court may, on motion, allow the action

to be continued by or against his representative." (Practice Act, Sec. 16; *Gordon* v. *Sterling*, 13 How. 405.)

The objection of want of presentation of the claim to the administratrix, should have been made before judgment by plea. She had an opportunity to plead any defense that might have arisen subsequent to the filing of the original answer.

If the judgment against the administratrix was improper, the judgment against the other defendants will still be maintained. The common law rule, that a judgment against a joint debtor must stand or fall, as a whole, has been modified, if not entirely changed, under our practice. (*People* v. *Frisbie*, 18 Cal. 402; *Lewis* v. *Clarken*, 18 Cal. 399; *Chester* v. *Miller*, 13 Cal. 558; Practice Act, Secs. 32, 145.)

The objection to the judgment against the administratrix is taken for the first time in this Court, and will not be considered. (*Hentsch* v. *Porter*, 10 Cal. 555.)

By the Court, CROCKETT, J.:

This is an action against the several joint makers of a promissory note, who all appeared and pleaded to the merits, except one or two, who were duly served and made default. The defendant Coburn, died after his answer was filed, and before the trial; and thereupon an order was duly entered that the action proceed against his administratrix. No additional pleadings were filed, and on the trial the Court made written findings, and entered a judgment for the plaintiff, against all the defendants, including the administratrix, from which judgment, and from an order denying their motion for a new trial, the administratrix and three other defendants prosecuted this appeal. One of the grounds of error relied upon on the motion for new trial, and on this appeal, is, that there was no proof that the plaintiff's demand had been presented to the administratrix of Coburn

for allowance, and that, for this reason, the judgment was erroneous as to her; and that the action being on a joint demand, there cannot be several judgments. It is, therefore, claimed that the judgment should be reversed as to all the defendants.

The first point is well taken. Section one hundred and thirty-eight of the Probate Act provides that when a defendant dies pending the action, the claim of the plaintiff shall be presented to the executor or administrator for allowance, and that no recovery shall be had in the action against the estate of the deceased without proof of such presentation. In this case there was no such proof, and the attention of the Court was specially called to this point on the motion for a new trial. It is, therefore, clear that a new trial ought to have been granted as to the administratrix. But this error does not invalidate the judgment as against the other defendants. At common law there could not be a joint judgment, even on a joint demand against the executor or administrator of a deceased obligor and the surviving obligors, for the reason that, as to the former, the judgment would be payable *de bonis testatoris*, and as to the latter, *de bonis propriis*. Nor has the rule been changed by statute in this State. On the contrary, our whole system of probate laws provides for the administration of the estates of deceased persons through the instrumentality of the Probate Court, which ascertains and directs the order in which the debts are to be paid, giving priority to such as are by law entitled to it. In construing this system this Court has repeatedly decided that in an action against the executor or administrator to enforce a demand against the estate, the only office of the judgment in such an action is to establish the demand as a valid claim against the estate; and it should appear on the face of the judgment that it is to be paid out of the assets of the estate in the due course of administration—an injunction which has been disregarded in this case.

No execution can issue upon the judgment to enforce its payment. (*Racouillat* v. *Sansevain*, 32 Cal. 376; *Rice* v. *Inskeep*, 34 Cal. 224.) Even where an attachment was levied on the property of the deceased in his lifetime, if he die before judgment, and the action proceed against the administrator, the Court rendering the judgment has no power to order the property attached to be sold in satisfaction of the judgment. (*Myers* v. *Mott*, 29 Cal. 359.) Under our system, therefore, there are even more cogent reasons than existed under the common law why there cannot be a joint judgment against the surviving obligors and the executor or administrator of a deceased obligor.

It is unnecessary, for the purposes of this decision, to inquire whether, under section sixteen of the code, in an action against several joint obligors, if one of them die pending the action, it can proceed to judgment against the survivors and the executor or administrator of the deceased obligor. I express no opinion on the point whether in such a case the action should abate as to the deceased, and proceed against the survivors only, or should proceed against them and the administrator or executor also. But if the action can proceed against all, it is obvious that there must be several judgments; one against the survivors, payable *de bonis propriis*, and the other against the administrator or executor, payable *de bonis testatoris*, in the due course of administration. There cannot be a joint judgment against the whole for the reasons already stated. I am, therefore, of opinion that the error committed against the administratrix of Coburn affords no ground for reversing the judgment as to the other defendants.

I deem it unnecessary to notice the other points suggested by the appellant's counsel.

I am of the opinion that the judgment should be reversed as to the administratrix of Coburn, and affirmed as to the other defendants.

Mr. Chief Justice RHODES delivered the following concurring opinion, in which Mr. Justice WALLACE and Mr. Justice TEMPLE concurred:

I concur in the opinion of Mr. Justice CROCKETT, except upon the question of the presentation of the claim to the administratrix. The doctrine of this Court is, that the objection to the recovery of a claim against the estate of a deceased person on the ground that it was not presented to the administrator, as provided in section one hundred and thirty-eight of the Probate Act, cannot be made for the first time in this Court—that it should have been first made in the Court below. (*Hensch* v. *Porter*, 10 Cal. 555; *Coleman* v. *Woodworth*, 28 Cal. 567.) The purpose of the rule is to give the claimant an opportunity to supply the requisite pleadings or proof, as the case may require. In this case the objection that there was no proof of the presentation of the claim to the administratrix was made for the first time on the motion for a new trial. It was too late at that time for the plaintiff to have supplied the requisite proof. The objection must, therefore, be disregarded.

In my opinion, the judgment should be affirmed as to all the defendants, except as to Harriet Coburn, the administratrix of the estate of A. J. Coburn, deceased; and as to her the cause should be remanded, with directions that the judgment be modified by requiring the sum therein mentioned to be paid out of the estate of said deceased in due course of administration.

So ordered.

Mr. Justice SPRAGUE did not participate in either of the foregoing opinions.