## ESTATE OF THOMAS S. PAGE.

### No. 4571—February 12, 1874.

CLAIM, PRESENTATION OF.—ACTION PENDING AND VERDICT HAD IN THE LIFETIME OF DECEDENT, BUT NO JUDGMENT ENTERED UNTIL AFTER HIS DEATH, WHEN THE EXECUTORS WERE SUBSTITUTED, AND APPEAL HAD AND FINAL JUDGMENT, TO BE PAID IN COURSE OF ADMINISTRATION, NO CLAIM HAVING BEEN PRESENTED.

HELD: That if the presentation of a claim had been necessary, the executors should have raised the point in the District Court; that inasmuch as they did not then raise the question, it is too late now.

Construing section, C. C. P., 1502.

*Wm. Hayes,* for petitioners.

*W. H. Patterson,* for executors.

Petitions of Welcome Fowler and John Fowler, on behalf of themselves respectively and others for an order that the executors of testator pay certain moneys.

The petitions were heard and considered together. The petition of Welcome Fowler shows that testator, Thomas S. Page, commenced a suit in the 4th District Court, May 6, 1863, against petitioner and twelve others, and that on the 29th April, 1872, upon suggestion of the death of Page, testate, F. D. Atherton, A. B. Grogan, Henry Page, C. Page, and W. Page being his executors, duly qualified, by an order of said District Court, said exectors were substituted in their representative capacity as plaintiff in said action, and the action was ordered to be continued in their names as plaintiffs; that judgment was rendered, Oct. 18, 1872, in favor of the defendants for $3,436.07, with interest thereafter at 7 per cent. per annum, and for costs, $733; that said judgment was duly entered; that said executors appealed from said judgment to the Supreme Court, which Court, July 16, 1873,

rendered judgment remanding the cause with directions to modify the judgment by striking out the damages and inserting instead thereof, $2,657, and by making the judgment payable in due course of administration, and affirming the judgment in all other respects. Upon filing the remittitur the District Court modified the judgment in accordance with the decision of the Supreme Court.

That said executors entered upon their trust February 5, 1872, and that they have ample funds properly applicable to pay the said amounts; and that a copy of said judgment as modified has been filed in this Court.

The petition of John Fowler shows that May 26, 1863, said Thomas S. Page commenced a suit in said 4th District Court against said John Fowler and seven others, and that on the 29th April, 1872, upon the suggestion of the death of said Page, a like order of substitution was made, and a judgment rendered October 17, 1872, in favor of the defendants for $13,896.43, with interest thereafter at 7 per cent. per annum, and for $392.50 costs, which judgment was duly entered; that said executors also appealed in this action, and July 16, 1873, the Supreme Court rendered its decision that said judgment be reversed and a new trial had unless within twenty days after filing remittitur defendants consent that the judgment be modified by striking out the damages and inserting in lieu thereof, $8,989; that said defendants filed their consent, and the judgment was so modified; that a certified transcript of the judgment, so modified, has been filed in this Court; that said Atherton and others were appointed executors of the will of deceased, Thomas S. Page, February 5, 1872, and have funds in their hands properly applicable to the payment of said amounts.

Mr. Hayes offered and read in evidence certified copies of judgments, entitled: "Faxon D. Atherton, A. B. Grogan, Henry Page, Charles Page, and Wilfred Page, executors of the last will and testament of Thomas S. Page, deceased, substituted, &c., as plaintiff, vs. Welcome Fowler," and twelve others, defendants, from which it appears that said cause, on the 16th day of April, 1871, came on for trial in open court, the parties appeared by their attorneys, a jury was sworn,

witnesses were examined, and the jury rendered a verdict for defendants for $2979.44, and that therefore it was adjudged that said Atherton and others, "executors of the last will and testament of Thomas S. Page, deceased, substituted, &c., plaintiffs, take nothing by the action" as against the defendants, and "that said defendants have and recover of and from said plaintiffs" $3,436.07, with interest thereafter at 7 per cent. per annum, and costs $733. It also appears that on the 22nd of August, 1873, the judgment was modified as directed by the Supreme Court.

The judgment in the other case is entitled the same, except that John Fowler and seven others are the defendants, and it appears therefrom that in open court, April 12, 1871, similar proceedings were had as in the other case, the verdict being for $12,069.29, and the judgment being for $13,896.43 and interest, and costs $392.50, which judgment was recorded Oct. 17, 1872, and was modified August 22, 1873, as ordered by the Supreme Court.

It was stated by Mr. Hayes, and not denied, that the verdicts were had in the lifetime of deceased, but the judgments were not rendered thereon until after the appointment and qualification of his executors.

It was admitted by Mr. Hayes that no claims, as such, had been presented to the executors, but he claims that the judgments operate, in law, in lieu of presentation and allowance, and supersede the necessity thereof.

The judgments were rendered after the expiration of ten months from the first publication of notice to creditors.

The petitioners rested with the production of the certified copies of the judgments.

Mr. Patterson then offered in evidence the following papers in this estate:

Petition for probate of will of T. S. Page;

Decree admitting will to probate;

Letters testamentary;

Order of Feb. 6, 1872, of notice to creditors;

Proof of publication of notice to creditors; and,

Decree establishing the same, of Jan., 1873.

Mr. Patterson also offered in evidence the complaints in two suits, and offered to prove that in April, 1871, in the lifetime of testator, the verdicts were rendered; that testator died Jan. 10, 1872; that thereafter his will was offered for and admitted to probate; that an order was made for publication of notice to creditors; that notice was duly published; that motions for new trial in the two suits were noticed in 1871; that April 29, 1872, orders were made by the District Court substituting the executors as plaintiffs in the two suits in place of deceased; that the motions for new trial were denied Aug. 20, 1872, and judgments were formally entered against the executors in Oct., 1874; that no claims have been presented to the executors founded either upon the verdicts or judgments.

Mr. Hayes objected to the evidence as irrelevant and immaterial, but stated that he made no question as to the correctness of the facts; and claimed that the facts offered to be shown were no defense to the application of petitioners; that under the decisions in *Patterson* v. *Hornblower,* 33 Cal., 278, *Coleman* v. *Woodworth,* 20 Cal., 568, and 42 Cal., 134, this Court was bound by the decrees of the Supreme Court in the cases, and must pay the amounts in due course of administration, whenever there were funds properly applicable.

Mr. Patterson insisted that the claims should have been presented within the ten months, and failing that, that they are barred.

By the COURT: Looking alone to the evidence offered by the petitioners, it might be gravely doubted whether they are entitled to relief at the present time, for the reason that the judgments are dated April, 1871, as if then rendered against the executors, though not entered until October, 1872, at which date ( April, 1871 ), Page was living, and a judgment against executors would have been simply void ; but the testimony offered by the executors displays the true history of the transaction — that the verdicts were rendered in April, 1871; that notice of motion for new trial was given in Page's lifetime; that after his death, the executors were substituted as plain-

tiffs in April, 1872; that the motions for new trials were denied in August, 1872, and the judgment *entered* in October, 1872.

This evidence, therefore, places the controversy upon the basis upon which it was argued by counsel, viz: Was it necessary that the petitioners should have presented their claims to the executors within the ten months?

The object of requiring presentation is, that the executors may have opportunity to examine and allow or reject, as they shall find the claim to be, or not, a debt against the decedent.

If the defendants in those suits had relied upon their verdicts, or had had judgments rendered under Sec. 202 of the Practice Act, it would have been necessary for them to present their claims.

In these cases, however, before judgment the executors were substituted as plaintiffs in place of their testator, and when the judgments were rendered, they were against them in their representative capacity. The non-presentation of a claim is, in its effect, nothing more than a matter of statement.

Where a party has once had an opportunity to interpose that objection, and fails to do so, he has waived the objection. The executors were before the Fourth District Court the moment they were substituted, in April, 1872, and until the judgment was rendered in October, 1872, and at any time during that period could have moved an arrest of judgment upon the ground of non-presentation.

*Hentsch* v. *Porter*, 10 Cal., 560; 8 How. Pr. R., 160.

If the District Court had denied that motion, they could have made that as a point on their appeal. Having omitted that course then, it is too late to raise the point now. I think, moreover, that the action of the executors in these suits was equivalent to the formal presentation, and that the amounts claimed by petitioners are debts to be paid in due course of administration, viz: whenever the executors have in their hands sufficient funds properly applicable thereto—

and such appearing to be the case here, an order may be made and entered granting the prayers of the petitions. The objection to testimony offered by the executors is overruled.