[No. 5344.]

FRANCIS R. DRAKE *v.* W. E. FOSTER, EXECUTOR OF THE WILL OF D. HORROM, DECEASED.

<table>
<tr><td>52</td><td>225</td></tr>
<tr><td>85</td><td>561</td></tr>
<tr><td>52</td><td>225</td></tr>
<tr><td>89</td><td>4</td></tr>
<tr><td>52</td><td>225</td></tr>
<tr><td>94</td><td>521</td></tr>
<tr><td>52</td><td>225</td></tr>
<tr><td>107</td><td>53</td></tr>
<tr><td>52</td><td>225</td></tr>
<tr><td>124</td><td>574</td></tr>
</table>

EVIDENCE.—In an action to recover loss sustained by the burning of a building alleged to have been caused by the negligence of the defendant, evidence on his part tending to show that other buildings in the same town were soon after set on fire by incendiaries is irrelevant.

WAIVER OF OBJECTION.—If the defendant dies during the pendency of an action against him, and the administrator of his estate is substituted as defendant, and the plaintiff prosecutes his action to trial and judgment without presenting his claim for allowance to the administrator, the objection must be first made in the Court below. It is too late to raise the point for the first time in the Supreme Court.

JUDGMENT AGAINST EXECUTOR.—A judgment against an executor must, on its face, be made payable in the due course of administration.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

The plaintiff alleged in his complaint that he leased a hotel in Santa Barbara from the defendant, and that he furnished it, and that the defendant occupied a room in it, and that by the gross carelessness of the defendant in the use of his room the hotel was burned and he sustained loss thereby. The defendant was Daniel Horrom, who died soon after the service of summons, and W. E. Foster, the present defendant, who was the executor of his estate, was substituted in his place. The plaintiff recovered judgment, and, the defendant appealed. The other facts are stated in the opinion.

*Charles E. Huse*, for the Appellant, in support of the point that the Court erred in rejecting the offered evidence that other buildings had been set on fire by incendiaries, cited *Henry* v. *Southern Pacific Railroad Company*, 50 Cal. 176.

*Hall & Hatch*, for Respondent.

The offered testimony was to establish a collateral fact which was in no way connected with the issues.

The defendant must prove by the record that he offered to show at the trial the materiality of the evidence objected to.

The record is silent as to this, and since error is not presumed, we must conclude that no such tender was made to the Court. (Greenl. Ev. vol. 1, sec. 51A, 52, and 448.)

The authority cited by appellant (50 Cal. 176) is not in point.

The evidence offered in that case was, of previous fires set by the same engines, which was in point to show an improper construction of the engines and the defendant's knowledge of the defect.

By the Court, CROCKETT, J.:

The motion for a nonsuit was properly denied. There was evidence tending to prove that the building was set on fire through the negligence of the defendant's testator.

The evidence offered by the defendant tending to prove that two other hotels in the same town were subsequently set on fire by incendiaries on the same day of the week and at about the same hour of the night was properly excluded. It was wholly foreign to any issue in the cause.

Nor did the Court err in refusing to set aside the verdict on the ground that it was not justified by the evidence. There was sufficient evidence to support the verdict.

The point made by the appellant that the claim was not presented to the executor for allowance as required by sec. 1502 of the Code of Civil Procedure comes too late when made for the first time in this Court. It should have been made in the Court below. (*Bank of Stockton* v. *Howland*, 42 Cal. 129.)

But the judgment must be modified. As entered, it runs against the defendant " as executor of the last will of Daniel Horrom, deceased "; whereas, sec. 1504 of the Code of Civil Procedure provides that in such cases " the judgment must be that the executor or administrator pay in due course of administration the amount ascertained to be due."

It is therefore ordered that the judgment be and the same is hereby modified by adding thereto the words, " payable in due course of administration," and in other respects the judgment and order are affirmed, but without costs to the appellant.