(No. 5156. July 15, 1929.)

P. B. JOHNSTON, Appellant, v. JOSEPH KEEFER, Respondent.

[280 Pac. 324.]

Walters, Parry & Thoman, J. R. Keenan, W. L. Dunn and E. R. Dampier, for Appellant.

Bothwell & Chapman, for Respondent.

BUDGE, C. J.—On March 1, 1919, appellant made an oral agreement with respondent to purchase from the latter certain shares of stock of the Twin Falls National Bank and Rogerson Hotel Company, on the promise of respondent

that the stock would be repurchased by him at any time desired by appellant. In pursuance of this agreement appellant purchased a number of shares of the capital stock of each of the companies named, and in payment therefor delivered to respondent a promissory note payable in six months. On or about September 24, 1919, and under the same agreement, appellant purchased an additional number of shares of the same companies and made payment therefor to respondent. From the record it appears that the two companies mentioned were in process of organization, or had been recently organized, at the time of the purchase of the stock by appellant, and that respondent was desirous of having a man of appellant's standing in the companies in order to have the benefit of his influence and advice, and until the bank, especially, was on a firm basis. Appellant began to be apprehensive and dissatisfied with his purchase about the year 1922, or 1923. At a stockholders' meeting in 1924 or 1925 appellant asked respondent to take back the stock as he had agreed to, but was put off by respondent, who requested that he "hold it a little while; it is going to be good," etc. Other requests that the stock be repurchased were made by appellant and were met with continued assurances of respondent that the stock would "be good," and that he would still fulfil his agreement, until in February, 1926, when appellant tendered the stock to respondent and asked for the return of the purchase price, to which demand respondent refused to accede.

The above recital constitutes in substance the evidence introduced by appellant in an action commenced by him in August, 1926, for the recovery of the purchase price of the stock referred to. We shall proceed directly to the point of whether the trial court erred in granting respondent's motion for nonsuit and entering judgment thereon, on the ground of the running of the statute of limitations against appellant's cause of action, being of the opinion that the court was within a proper exercise of its discretion in allowing an amendment to respondent's answer so as to raise

the issue of the statute of limitations, and that it did not err in refusing appellant's request for a continuance thereafter.

 A cause of action upon a liability such as herein sought to be attached ordinarily accrues only upon a demand made to the person upon whom the liability rests, requiring him to perform his obligation; or, differently stated, where no time is specified for the doing of an act, other than the payment of money, it is the rule of law that a demand for performance is necessary in order to put the promisor in default. (9 Am. & Eng. Ency. of Law, 200, 201; 37 C. J., p. 958; 17 R. C. L., pp. 757, 758; 25 Cyc. 1210; *Hill v. Haskin*, 42 Cal. 159.)

It has come to be a quite general rule that if an act on the part of the creditor, such as a demand or notice, be necessary as a condition precedent to his cause of action, such demand must be made within a reasonable time, the theory being that one in whose favor such a liability exists cannot defeat the purpose of the statute by an unreasonable delay in the making of the demand, and that a reasonable time within which to make demand is, by analogy, the period which is fixed by the statute of limitations. (*Jenkins v. Marsh*, 22 Cal. App. 8, 132 Pac. 1051; *Vickrey v. Maier*, 164 Cal. 384, 389, 129 Pac. 273; 37 C. J., p. 954, sec. 325; 17 R. C. L., p. 757.) The statute begins to run from the time of making demand, or after the lapse of such "reasonable time." (17 R. C. L., p. 756, sec. 122; 16 Cal. Jur., p. 493; *Williams v. Bergin*, 116 Cal. 56, 47 Pac. 877; *Re Gardner*, 228 Pa. St. 282, 77 Atl. 509, 29 L. R. A., N. S., 685.) It has been held that when no time is fixed for the making of a demand, it will be presumed to have been made in a reasonable time, or at the expiration of the period within which the statute would have run upon a claim if it had been due from its date, and the statute is then set in motion. (25 Cyc. 1207, 1208; 1 Wood on Limitations, 4th ed., p. 617; *Keithler v. Foster*, 22 Ohio St. 27; 17 R. C. L., p. 757; *Emerson v. North American Transp. & T. Co.*, 303 Ill. 282,

23 A. L. R. 1, 6, 135 N. E. 497; *Thompson v. Whitaker Iron Co.,* 41 W. Va. 574, 23 S. E. 795; *Smith v. Smith,* 91 Mich. 7, 51 N. W. 694; *Massie v. Byrd,* 87 Ala. 672,· 6 So. 145; *Daugherty v. Wheeler,* 125 Ind. 421, 25 N. E. 542.)

██ If it were accepted as the rule absolute that a "reasonable time" for making demand is in all cases the period fixed by the statute for the bringing of an action on the claim or liability—and the rule is by no means inflexible—it becomes apparent that the instant action was commenced in time, taking into consideration the presumption of a demand within the statutory period. The statute of limitations involved is C. S., sec. 6610, prescribing a four-year period for the commencement of "an action upon a contract, obligation or liability not founded upon an instrument of writing." The contract was entered into March 1, 1919, and, applying a four-year period as a reasonable time within which to make demand for its performance, that period expired March 1, 1923, immediately after which the statute would begin to run against the action, requiring it to be instituted by March 1, 1927. The action was commenced in August, 1926, thus bringing it within the time allowed under the application of the rule above referred to. However, this rule is not an absolute one, and has been held not to apply to a case where delay in making the demand is contemplated by the parties, and where a speedy demand would manifestly violate its intent, or where there are peculiar circumstances affecting the question. (17 R. C. L., p. 758; 25 Cyc. 1209; *Fallon v. Fallon,* 110 Minn. 213, 136 Am. St. 464, 124 N. W. 994, 32 L. R. A., N. S., 486; *Campbell v. Whoriskey,* 170 Mass. 63, 48 N. E. 1070; *Stanton v. Stanton,* 37 Vt. 411; *Daugherty v. Wheeler, supra; Massie v. Byrd, supra; Vickrey v. Maier, supra; Cochran v. Cochran,* 133 Wash. 415, 233 Pac. 918; *Fergus v. Venice Inv. Co.,* 36 Cal. App. 425, 172 Pac. 396; *Jameson v. Jameson,* 72 Mo. 640; *Palmer v. Palmer,* 36 Mich. 487, 24 Am. Rep. 605; 1 Wood on Limitations, 4th ed., p. 617; *Andrews v. Andrews,* 170 Minn. 175, 51 A. L. R. 542, 212

N. W. 408, 213 N. W. 899; *Sheldon v. Heaton,* 88 Hun, 535, 34 N. Y. Supp. 856.)

The nature of the inducement to appellant to become a stockholder in the two companies,—that his name and influence were desired in building up the business, the bank having been but recently organized, together with other statements of respondent—indicates that it was clearly the intention of the parties that appellant was to remain a stockholder for a considerable time, until the bank at least was expected to reach a state of stability and be on a sound foundation. To accomplish this would necessarily require the passage of an indefinite time, and it would have been an unusual thing for it not to have been within the contemplation of the parties that appellant was to forbear from insisting upon a repurchase of the stock for a period that could not be accurately gauged. The stock itself was not delivered to appellant nor payment for it made until some months after the original transaction for its purchase, obviously evidencing the understanding that appellant was not to elect in a very short time whether he would keep the stock. That delay in making any request for the repurchase of the stock was contemplated is borne out by the repeated assurances of respondent, after appellant had evinced a desire to have his money returned, that the stock would be repurchased as agreed but that it would be an accommodation if appellant would keep it until conditions became improved.

What is a reasonable time for making demand must depend upon the facts of each case, some of the authorities stating it is a question of fact for the jury (*Massie v. Byrd, supra; Wallace v. Agry,* 4 Mason, 336, 29 Fed. Cas. 67, 70, 71; *Emerson v. North American Transp. & T. Co., supra; Andrews v. Andrews, supra; Skidmore v. Leavitt,* 73 Okl. 196, 175 Pac. 503), and others that it is a question of law (*Campbell v. Whoriskey, supra; Fallon v. Fallon, supra*).

The statute of limitations is an affirmative defense which imposes the burden upon the one asserting it of prov-

ing every element necessary to establish it. (*Andrews v. Andrews, supra; Matteson v. Blaisdell*, 148 Minn. 352, 182 N. W. 442.)

For the reasons stated, we are of the opinion that the trial court erred in granting the motion for nonsuit and entering judgment thereon. The judgment is therefore reversed. Costs to appellant.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.