[Civ. No. 14452. First Dist., Div. One. Dec. 27, 1950.]

SALINAS NATIONAL BANK (a Corporation), Respondent, v. WILLIS COOK et al., Defendants; THOMAS F. KILMARTIN, as Administrator With the Will Annexed, etc., Appellant.

James F. Boccardo and Robert R. Cimino for Appellant.

Royal E. Handlos and A. E. Warth for Respondent.

BRAY, J.—From a judgment of foreclosure of a deed of trust, defendant Kilmartin as administrator of the estate of Ellen Abbott, also known as Ellen Cook, deceased, sued herein as John Doe, appeals on the judgment roll alone. While the notice of appeal includes an appeal from the entire judgment,

defendant's brief and stipulation at argument limits the appeal to that portion of the judgment allowing plaintiff attorneys' fees, cost of title report and costs of suit.

## QUESTION PRESENTED

Can failure to allege presentation to the estate of claim for attorneys' fees, cost of title report and court costs be raised for the first time on appeal?

## FACTS

On May 5, 1948, plaintiff sued to foreclose a certain deed of trust executed in 1945 by Willis Cook and Ellen Cook. Ellen Cook was a named defendant. On July 12, 1948, she died. Thereafter defendant Kilmartin as administrator was served as a John Doe. He filed a general denial of the allegations of the complaint. The deed of trust provided, in case of default, for attorneys' fees, cost of title report and costs of suit. After a trial the court rendered a judgment of foreclosure for the principal and interest of the note which the deed of trust secured, plus $7,500 attorneys' fees, $163.20 cost of title report, $25.65 interest on costs advanced by plaintiff, and $24 costs of suit. The defendant Willis Cook (who did not appeal) alone was made liable for any deficiency judgment.

## FAILURE TO MAKE CONTENTION IN TRIAL COURT

After the death of Ellen Cook the complaint was amended alleging her death and the appointment of defendant Kilmartin as administrator. It was not alleged, nor was any proof offered, to show that any claim was ever presented to the estate. There is no finding of the filing of such claim.

Section 709 of the Probate Code provides: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof is made of such filing or presentation."

Section 716 of the Probate Code provides: "No holder of a claim against an estate shall maintain an action thereon, unless the claim is first filed with the clerk or presented to the executor or administrator, except in the following case: An action may be brought by the holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but *no counsel*

*fees shall be recovered in such action unless the claim was filed or presented as aforesaid.''* (Emphasis added.)

Defendant contends that as the filing or presentation of a claim for attorneys' fees and costs was not alleged, the complaint failed to allege a cause of action, and that as such filing or presentation was neither alleged nor proved, the court's finding that plaintiff was entitled to attorneys' fees and costs was unsupported. Plaintiff contends that as this question was not raised in the trial court, it cannot be raised here.

*Preston* v. *Knapp*, 85 Cal. 559 [24 P. 811], is determinative of the question. There an action was brought against Sewell Knapp in his lifetime, for goods sold and delivered. As here, during the progress of the litigation Knapp died. His executrix was substituted as defendant. The complaint was not amended to aver that a claim had been presented to the executrix. The case differs from ours, in that at the trial the executrix admitted that a claim had been presented to her and that she had refused to act upon it. On appeal from a judgment in favor of the plaintiff the executrix contended that as the complaint had not been amended to allege the presentation of the claim to the executor and her rejection of it, there was not support for the judgment. (The same contention is made here.) The court held (p. 561) : ''But as no such objection was made in the court below, and as defendant expressly admitted on the trial that the claim had been presented to the executrix in due time, and that she had refused to act upon it, and made no objection on the ground that it was not presented in due form, it is too late to make the objection that the presentation and rejection of the claim were not alleged in the complaint, for the first time, on this appeal. (*Hentsch* v. *Porter,* 10 Cal. 555; *Coleman* v. *Woodworth,* 28 Cal. 568; *Bank* v. *Howland,* 42 Cal. 130; *Drake* v. *Foster,* 52 Cal. 225.) ▇ The object of the statutory requirement of presentation and rejection of claims against estates, as a condition precedent to the commencement of suits upon them, is to save to estates of deceased persons the costs and expenses of useless suits,—suits to recover what would have been allowed and paid by the executor or administrator without suit. The merits of such claims do not depend in any degree upon their presentation and rejection before suit. ▇ The defense that a claim had not been presented and rejected before suit does not question either the validity or the maturity of the claim, but simply challenges the remedy by suit, on the ground that another remedy provided by law has priority, and should be

exhausted before commencement of suit. In other words, that the demand, or some part thereof, should be disputed and rejected, in the mode prescribed by law, before the commencement of suit. For these reasons, it has been decided in the cases above cited that the defense to a claim against an estate, that it had not been presented to and rejected by the executor or administrator before commencement of suit upon it, is of the nature of a defense in abatement, which is presumed to be waived if not expressly made in the court of original jurisdiction, and that it will not be first heard and considered on appeal.''

While in the Preston case there actually was proof in the trial court of the presentation of the claim, such fact does not change the rule that failure to allege or prove such presentation must be raised in the trial court. Thus in *Hentsch* v. *Porter,* 10 Cal. 555, upon which the rule in the Preston case is partly based, there was no proof in the trial court, as the judgment was a default one. On appeal it was contended (as here) that the failure of the complaint to allege the presentation of a claim could be raised at any time. The court held that the nonpresentation of the claim is ''nothing more than a matter of abatement'' (p. 560) and hence cannot be raised for the first time on appeal. *Coleman* v. *Woodworth,* 28 Cal. 567, *Bank of Stockton* v. *Howland,* 42 Cal. 129, and *Drake* v. *Foster,* 52 Cal. 225, all mentioned in the Preston case and all supporting the rule, were all cases in which, in addition to no allegation of presentation of a claim, there was no proof of such presentation.

*Burke* v. *Maguire,* 154 Cal. 456 [98 P. 21], states that the cases establishing the rule ''have not been questioned.'' *Schwartz* v. *Edmunds,* 20 Cal.App.2d 530 [67 P.2d 351], cited by defendant, is not in point for the reason that no contention was made there that the failure to allege and prove the presentation of a claim to the estate was being made for the first time on appeal. We have examined the briefs in that case. Apparently the entire question was presented to the trial court. At least, there is not the slightest indication that it was not. The opinion states that no claim was filed. Moreover, there the respondent conceded without discussion, that the judgment might be modified by striking the attorneys' fees and costs of title report therefrom. In our case, had the question been raised in the trial court, such would have to be the order here.

Sections 709 and 716 of the Probate Code require the filing of a claim against the estate of the decedent, and had the

question been raised in the trial court, no recovery of the attorneys' fees and the title report and court costs could have been had without alleging and proving the filing of such claim. The failure to meet this requirement is one which must be raised in the trial court. Failure to raise it constitutes a waiver of the defense.

Judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.