437 P.2d 32

**Lena FRASIER, Plaintiff-Respondent,**

**v.**

**Ella W. CARTER, Executrix of the Estate of D. L. Carter, Deceased, Defendant-Appellant.**

**No. 10000.**

Supreme Court of Idaho.

Feb. 1, 1968.

Earl E. Reed, Nampa, for appellant.

Weeks & Davis, Nampa, for appellee.

TAYLOR, Justice.

Plaintiff (respondent) brought this action against D. L. Carter, a practicing attorney, upon the following agreement, to wit:

"D. L. CARTER
Lawyer
Room A, Washington Hotel
Phone 10 P. O. Box 107
Weiser, Idaho
May 12, 1962"

"Mrs. Lena Frasier

"Dear Lena

"This is to advise and confirm our agreement—that in the event the J. W. Frasier estate case now on appeal is not terminated so that you will receive settlement equal to your share of the estate as you would have done if your waiver had been filed in the estate in proper time, that I will make up any balance to you in payments as suits my convenience and will pay interest on your loss at 6%.

Sincerely

/s/D. L. Carter"

D. L. Carter and plaintiff were brother and sister. Plaintiff is the surviving widow of John W. Frasier who died testate March 8, 1960. Surviving him, in addition to plaintiff, were three children. The estate consisted of both separate property of deceased and community property of plaintiff and deceased. By his will Frasier devised and bequeathed all of the separate and community property to plaintiff and the three children. The specific devises and bequests to the plaintiff were more valuable than her interest in the community property. However, the specific devises and bequests were conditioned upon a waiver by the plaintiff of her interest in the community property, and the will provided that if she failed to waive her community property rights then she would receive her interest in the community property and nothing more.

D. L. Carter, as her attorney, advised plaintiff in relation to her late husband's estate. Between August 5, 1960, and February 21, 1961, there was correspondence between Carter and the attorneys representing the co-executors of Mr. Frasier's will concerning plaintiff's rights under the will. In four of such communications the attorneys for the co-executors inquired whether plaintiff would waive her interest in the community property. June 2, 1961, the attorneys for the executors wrote to plaintiff herself, enclosing a waiver for her signature, and suggesting that she consult Mr. Carter in respect thereto. No such waiver was executed by plaintiff. Decree of distribution was rendered in the probate proceedings June 8, 1961 (amended November 24, 1961). Under the decree, distribution was to be made to plaintiff of her half share of the community property in lieu of the specific devises and bequests provided for by the will.

Acting on behalf of plaintiff, defendant Carter prosecuted an appeal to the district

court from the decree of distribution. Following affirmance by the district court, Mr. Carter prosecuted an appeal to this court. Here the judgment was affirmed on the ground that the appeal from the probate court was not timely taken. Frasier v. Frasier, 87 Idaho 510, 394 P.2d 294 (1964). While the appeal was pending the agreement above quoted was executed by Mr. Carter.

While this action was pending, D. L. Carter died and Ella W. Carter, executrix of his estate, was substituted as defendant.

The parties stipulated that the difference in value between the community interest of the plaintiff, which she received pursuant to the decree of distribution, and the specific devises and bequests which she otherwise would have received under the will, was prima facie $19,358.62. The stipulation provided that this amount might be varied by evidence produced at trial. No such evidence was presented by either party. The jury returned a verdict in favor of the plaintiff for that amount plus interest at 6% from May 12, 1962. Defendant prosecutes this appeal from the judgment entered upon the verdict.

■ The principal ground urged for reversal is that the promise of Mr. Carter, to pay to plaintiff any loss she sustained by reason of failure to waive her community interest in the Frasier estate, was without consideration. We think consideration was sufficiently established. The promise was in writing, which is presumptive evidence of consideration,[1] and the burden of showing want of consideration sufficient to support the written promise was upon defendant.[2] Rosenberry v. Clark, 85 Idaho 317, 379 P.2d 638 (1963). On this issue of consideration defendant contends there was no evidence that Carter was acting as plaintiff's attorney. While there was no evidence of a specific agreement for a fee, the evidence presumptively shows that he was acting as plaintiff's attorney in advising her relative to her interest in her deceased husband's estate. Even so, lack of proof of a specific agreement of employment of Carter as plaintiff's attorney and the compensation to be paid therefor, was not evidence of a character, or sufficient, to overcome the presumption of consideration arising from the written promise. The correspondence between Carter and the attorneys for the co-executors indicates that the latter recognized Carter as plaintiff's attorney.

■ Plaintiff contends that Carter's promise to pay was supported by her forbearance from prosecuting an action against him for his negligence in failing to advise her properly respecting her interest in the Frasier estate. Waiver of, or forbearance to exercise, a right which is not utterly groundless is sufficient consideration to support a contract made in reliance thereon. McMahon v. Auger, 83 Idaho 27, 357 P.2d 374 (1960).

"Mere forbearance without any request to forbear, or circumstances from which an agreement to forbear may be implied, is not a consideration which will support a promise." 17 C.J.S. Contracts § 103b, p. 818.

However, an agreement to forbear may be implied, and actual forbearance is some evidence of an agreement to forbear. Anglo California National Bank of San Francisco v. Far West Lumber Company, 152 Cal.App.2d 284, 313 P.2d 10 (1957); Greenfield v. Sudden Lumber Company, 18 Cal.App.2d 709, 64 P.2d 1007 (1937); Tiffany & Co., v. Spreckles, 202 Cal. 778, 262 P. 742 (1927); 17 C.J.S. Contracts § 103b, p. 819; cf. Sims v. Purcell, 74 Idaho 109, 257 P.2d 242 (1953). In passing we note that in a letter to counsel for the co-executors, written after decree of distribution was entered, Carter, in referring to the failure to file a waiver, said: "* * * if anyone is to blame, it is I * * *."

1. "A written instrument is presumptive evidence of a consideration." I.C. § 29-103.

2. "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." I.C. § 29-104.

This indicates that he was acting in plaintiff's behalf.

■ Defendant urges that the judgment appealed from is defective in that it did not direct the executrix to pay the amount of the judgment to plaintiff "in due course of administration" of her decedent's estate, as required by I.C. § 15–615. The judgment recites that judgment is given " * * * against Ella W. Carter, Executrix of the estate of D. L. Carter, deceased * * *." Under the circumstances the judgment was sufficient in form. McElroy v. Whitney, 24 Idaho 210, 133 P. 118 (1913).

■ Defendant also contends the judgment is invalid because no proof was made or offered upon trial that plaintiff's claim was presented to the executrix for allowance or rejection, as required by I.C. § 15–613.[3] On this appeal the record was augmented by stipulation of the parties, acting through their respective counsel, to show that the plaintiff filed her claim against the estate of D. L. Carter, with attached copy of the agreement executed by D. L. Carter May 12, 1962, within the time allowed therefor, and that the claim was rejected by the executrix. In agreeing to the stipulation counsel for defendant expressly reserved his present contention that the judgment is invalid because proof of such presentation was not made at the trial. In Salinas Nat. Bank v. Cook, 101 Cal. App.2d 423, 225 P.2d 253 (1950), under a statute the same as our I.C. § 15–613, supra, the California court held that the failure to allege and prove the filing or presentation of the claim to the administrator of decedent's estate, could not be raised for the first time on appeal. In that case, as in this, the defendant administrator raised no issue in the trial court concerning the presentation of the claim to him as administrator. We think in view of the stipulation it is now too late to raise that issue. Cf. McLean v. City of Spirit Lake, 91 Idaho 779, 430 P.2d 670 (1967).

We have held generally that this court will not review issues not presented in the trial court, and that parties will be held to the theory on which the cause was tried. Christensen v. Stuchlik, 91 Idaho 504, 427 P.2d 278 (1967), and cases there cited. Here we are not dealing with a question merely of the sufficiency of the evidence to sustain the judgment. In this case defendant did not plead failure of plaintiff to present her claim to the estate. IRCP Rule 8(c). The issue was neither presented to, nor tried nor determined by, the trial court.

■ Finally, defendant contends that it was error to allow interest from the date of the agreement of May 12, 1962. Construing that instrument as a contract for indemnity or one of guaranty against loss, it would authorize interest from the date when the plaintiff would have been entitled to receive, under the decree of distribution, the devises and bequests therein provided. Since that date was prior to May 12, 1962, defendant was not prejudiced by the allowance of interest from the later date.

Other assignments of error we find to be without merit.

Judgment affirmed.

Costs to respondent.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.

---

3. "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentations required."