559 P.2d 765

**J. Sandy SINGLETON and Kay Singleton, Plaintiffs-Appellants,**

v.

**Ned FOSTER et al., Defendants-Respondents.**

No. 12068.

Supreme Court of Idaho.

Feb. 2, 1977.

**150**

Bruce J. Collier, of Kneeland, Laggis, Korb & Collier, Ketchum, for appellants.

David B. Lincoln, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for respondents.

SHEPARD, Justice.

This is an appeal from an order dismissing a plaintiff's complaint which sought specific performance of a contract to convey real property. The order of dismissal was predicated on the expiration of the applicable statute of limitations.

On January 1, 1964, appellants Singleton entered into a contract with respondent Anita Foster and her now deceased husband agreeing to purchase from the Fosters a parcel of real property in Blaine County. The contract provided that the Singletons would make a down payment of $100 and that the balance of $2,300 would be paid in semi-annual installments of $500. Full payment of the contract price was to be made by July 1, 1967, and thereafter the Fosters were obligated to convey the property to the Singletons. The contract provided in part:

" * * * should purchaser fail * * * to comply with any of the covenants * * * all his * * * interest in and to said property * * * shall, *at the option of the vendor*, be subject to termination and cancellation. Before purchaser's interest may be terminated * * * vendor shall give purchaser written notice specifying the particulars [of the] default [and grant 30 days notice to cure]." Clk.Tr. p. 8 (emphasis added).

It is apparent from the complaint that as of July 1, 1967, a balance of $1,174 was still due on the said contract. It does not appear from the complaint that the Fosters did or did not exercise their option to declare a default for failure to make payments and terminate the interest of the Singletons. On April 15, 1970, Foster allegedly conveyed by quit-claim deed her interest in the property to respondent Pichon and that conveyance was made expressly subject to the Singleton-Foster contract. As best can be determined from the record, the Singletons did not have and never have had possession of the property in question.

On March 27, 1975, some eleven years after the execution of the contract and some eight years after the scheduled com-

pletion of the Singletons' performance under the contract, the Singletons tendered the balance of $1,174 allegedly due on the contract to Pichon who refused the tender. Thereafter, Singletons filed an action for specific performance of the contract against Foster and Pichon. Rather than an answer, a motion to dismiss was filed on the theory that the applicable statute of limitations had expired. *See*, I.C. §§ 5–203 and 5–216. From the order of the court granting the motion to dismiss, this appeal was taken. We reverse and remand for further proceedings.

All facts and inferences must at this juncture be construed in a light most favorable to the plaintiff-appellants. *See, Gardner v. Hollifield*, 96 Idaho 609, 533 P.2d 730 (1975). Motions to dismiss complaints on the basis of statutes of limitation are generally viewed with disfavor. *Duff v. Draper*, 96 Idaho 299, 527 P.2d 1257 (1974). The rationale therefore is apparent in the case at bar. While it is unclear at what point a cause of action came into existence in favor of the appellant-vendee, compare *Johnson v. Keefer*, 48 Idaho 42, 280 P. 324 (1929) and *Stockmen's Supply Co. v. Jenne*, 72 Idaho 57, 237 P.2d 613 (1951), nevertheless, it is clear that as of the time the cause of action accrued in the vendee the statute of limitations commenced to run. There are, however, numerous reasons why the statute may have been tolled which under the holding of *Duff v. Draper, supra*, need not have been expressly set forth in the complaint. On the other hand, there may be inherent defenses to the action because of the substantial lapse of time involved here, such as waiver, laches or estoppel.

The order of the trial court is reversed and the cause remanded for further proceedings. Costs to appellant.

DONALDSON and BAKES, JJ., concur.

McFADDEN, Chief Justice, specially concurring.

I concur in the conclusion that this case should be reversed for further proceedings primarily because at this stage of the record it is unclear what date the statute of limitations commenced to run against appellants. In my concurrence, however, I do not wish to be construed as adhering to the view that a statute of limitations can never be raised by a motion to dismiss under I.R.C.P. 12(b)(6). In this particular case, after the motion to dismiss was filed raising the issue as to the applicability of the statute of limitations, no issue was presented to the trial court that it was not a proper vehicle to present to the court the applicability of the statute of limitations.

While better practice may have been to raise this issue by a motion for summary judgment under I.R.C.P. 56, the appellant never questioned the propriety of the 12(b) motion. When such an issue has not first been presented to the trial court it does not behoove this court to consider issues of this nature not previously submitted to the trial court. See *Dunn v. Baugh*, 95 Idaho 236, 506 P.2d 463 (1973); *Williams v. Havens*, 92 Idaho 439, 444 P.2d 132 (1968); *Frasier v. Carter*, 92 Idaho 79, 437 P.2d 32 (1968); *Christensen v. Stuchlik*, 91 Idaho 504, 427 P.2d 278 (1967); *Cantlin v. Carter*, 88 Idaho 179, 397 P.2d 761 (1964).

BISTLINE, Justice, concurring.

I concur in reversing and remanding, but entertain the notion that the trial court and the parties are entitled to be better advised at this point as to what this Court conceives to be the applicable law. The case going off on a motion to dismiss, predicated on the two statutes of limitation, only the latter of which I believe to have applicability, the only evidence in the record is the title-retaining real estate contract of 1964, and the Foster's 1970 conveyance of the property to Pichon, subject to the contract with Singletons.

The statements of law set forth in *Stockmen's Supply Co.* by Justice Givens are fully in accord with what I have thought the law to have been, what it is, and what it should remain. On this limited record we see only that Singletons were refused a deed when they tendered the contract balance, and proceeded to bring this action for

specific performance. Pichon's deed from Foster on its face states that it is subject to the Singleton contract, adding thereon "that payments of purchase price installments under said contract are in *arrears*." This deed contains also an assignment from Foster to Pichon of the Singleton contract rights and causes of action, and, further, that "acceptance of this deed by Pichon constitutes her agreement to hold harmless Foster from all expense, damage and liability resulting from this transfer."

The record shows no affirmative action taken by Pichon to declare a default, preparatory to forfeiture, for the nonpayment of installments in arrears. A "scheduled completion date" of the Singleton contract is irrelevant; forfeiture by a vendor could not be gained without compliance with the contract provisions for giving notice that the arrearages were being considered as a default, and allowing time for curing the same.

> "By the terms of the written contract, if respondent Company wanted by reason of her default in the payments, to end and conclude her right to purchase, it had to give notice, which respondent Company never alleged it did and made no attempt to prove it did, and the record discloses beyond peradventure of a doubt that no such notice was given or forfeiture declared as recited in the written contract." *Stockmen's Supply Co.*, 72 Idaho at 62, 237 P.2d at 617.

The salient reason for selling land on a title-retaining contract, rather than giving deed and taking back a note and purchase money mortgage, is to place the seller in a position to terminate the contract for the buyer's *uncured* default, predicated on a notice of arrearages and demand for payment. There is no situation calling for any consideration of the statute of limitations until the contract is repudiated, and a vendor can only repudiate it by first complying with the provisions of his own agreement. Having repudiated, i. e., declared a forfeiture upon noncompliance with demand for payment, usually called notice of default, any action contemplated by the buyer must

then be brought within the period of the statute. This the Court so stated in *Stockmen's Supply Co.* Here the statute could commence running against Singletons when Pichon refused to accept the purchase price payoff and refused to give the deed; this, too, would be a repudiation of the contract. In *Watkins v. Watkins*, 76 Idaho 316, 281 P.2d 1057 (1955), this Court again noticed that a cause of action did not accrue until there was a repudiation of the contract.

In *Williamson v. Smith*, 74 Idaho 79, 256 P.2d 784 (1953), this Court unequivocally stated, as the *rule* in this state, quoting from *Stringer v. Swanstrum*, 66 Idaho 752, at 760, 168 P.2d 826, at 829 (1946).

> "Where a contract for sale of real estate makes time of the essence, and provides for a forfeiture of the vendee's rights for failure on his part to make payments at certain times, a continued course of conduct on the part of the vendor in failing to declare a forfeiture, thereby leading the vendee to believe that the vendor waives a strict compliance with the terms of the contract, works a waiver of the vendor's right to declare a forfeiture, unless and until he gives the vendee reasonable notice of his intention to do so, and a reasonable opportunity to make the delinquent payments." 74 Idaho at 82–83, 256 P.2d at 785.

This same statement was first made in *Sullivan v. Burcaw*, 35 Idaho 755, 208 P. 841 (1922), and reiterated in *Stockmen's Supply Co.* In *Sullivan*, as observed by the Court in *Stockmen's Supply Co.*, "It will be noticed the above rule was announced even though the contract did not require notice of forfeiture as herein." 72 Idaho at 63, 237 P.2d at 617.

The record here does not sustain the trial court in holding that the Singletons' claim for relief was barred by the statute of limitations. The 12(b) motion should have been denied.