593 P.2d 1000

**STAFF OF the IDAHO REAL ESTATE COMMISSION, Plaintiff-Respondent,**

v.

**Clinton D. PARKINSON, Petitioner-Appellant.**

**No. 12731.**

Supreme Court of Idaho.

April 24, 1979.

---

Brent J. Moss of Smith, Hancock & Moss, Rexburg, for petitioner-appellant.

Fred Kennedy, Boise, for plaintiff-respondent.

Before SHEPARD, C. J., DONALDSON and BISTLINE, JJ., COGSWELL and KRAMER, JJ., Pro Tem.

PER CURIAM.

Appellant seeks to overturn a judgment of the district court affirming an order of the Idaho Real Estate Commission suspending his broker's license for a period of five months. The sole issue on appeal is whether the five month suspension order is an abuse of discretion within the meaning of I.C. § 67–5215(g)(6).

Appellant was charged with two separate violations of Regulation 19 of the Rules and Regulations of the Idaho Real Estate Commission. At the time of the violations, Regulation 19 read as follows:

> *SALESMEN OR ASSOCIATE BROKER TERMINATION* —Salesmen or associate brokers leaving a real estate broker's employ shall turn into said broker his pocket card, *all listings and information concerning prospects who have been solicited in connection with the listings* and shall simultaneously notify the commission in writing of his intention to leave. A salesman or associate broker shall be licensed with only one broker during the same period of time. (Emphasis supplied).

The above regulation has been revised and renumbered as Rule 20 and now reads in pertinent part:

> *Termination of sales associates* —Sales associates discontinuing their association with a broker shall turn in their pocket card to the broker. *All current listings* remain with the terminating broker . . .. (Emphasis supplied).

Appellant was employed as an associate broker with Reese Realty in Rexburg, Idaho until September 30, 1975, and thereafter went into the real estate business for himself.

The first violation involved a listing obtained in August, 1975, from Mr. and Mrs. Forest Wood in appellant's name as broker. Appellant planned on leaving Reese's employ at the time he obtained the Wood listing, but did not inform Reese thereof prior to his departure. The Wood listing involved a complicated multi-party tax-deferred exchange in which appellant received a commission in the form of land on which a $14,250.00 profit is projected. Appellant has subsequently made an agreement to compensate Reese out of the projected profits.

The second violation involved a listing obtained from Mr. and Mrs. Recht. Appellant first contacted Mr. Recht about the possibility of listing the Recht farm on September 10, 1975. Mr. Recht visited appellant at the Reese Realty office on September 15, 1975, at which time the two had a generalized discussion about the farm and its proposed sale. The listing agreement was prepared by appellant in his own name as broker the next day. He mailed the agreement to the Rechts, and they signed it on October 7, 1975. The Recht property eventually sold for a substantial amount and appellant collected a commission of $10,000. Appellant has subsequently paid $4,250.00 of that amount to Reese.

The Real Estate Commission initially became involved as a result of a phone call made from Mr. Wood to Reese sometime in the summer of 1976. At the time, Mr. Wood was concerned as to why his transaction had not closed. The Staff of the Idaho Real Estate Commission filed their complaint alleging the two violations on November 17, 1976. Thereafter, appellant signed a stipulation admitting the two violations, but subsequently expressed some "reservation" as to his guilt with respect to the Recht violation. He represented himself at the initial mitigation hearing on December 13, 1976, which resulted in a ten-month suspension order. Thereafter, Parkinson hired counsel and petitioned for a rehearing. The commission granted his request and a rehearing was held on February 19, 1977, at which time further evidence was presented to the board. On February 28, 1977, the commission issued findings of fact and conclusions of law and an order suspending Parkinson's license for five months. Thereafter, judicial review was sought pursuant to I.C. § 67–5215. The trial court, after a hearing held on May 31, 1977, affirmed the order of the commission, and this appeal followed.

■ Appellant first argues that the commission was clearly in error in finding a violation of Regulation 19 with respect to the Recht listing. The argument is based on an interpretation of Regulation 19 whereby salesmen are only required to turn in prospects as to existing listings, rather than prospects for future listings. (cf. current Rule 20). Because the Recht listing was not obtained until October 7, 1975, appellant could not have violated the rule if so interpreted. This contention, while not implausible, was not brought before the trial court nor squarely before the real estate commission, and will not be considered by this Court for the first time on appeal. *Dunn v. Baugh,* 95 Idaho 236, 506 P.2d 463 (1973); *Frasier v. Carter,* 92 Idaho 79, 437 P.2d 32 (1968).

■ Appellant's second contention goes more directly to the heart of the issue. Appellant asserts that the purpose of the real estate broker's law (I.C. § 54–2021 et seq.) is to protect the public from fraudulent and/or incompetent individuals in the real estate business. Appellant further urges that Regulation 19 is primarily a means of protecting the financial interest of brokers, and does not significantly serve the public interest.

A significant public interest is implemented by the regulation, because the public's right to accountability is against the listing broker. As stated in *Department of Employment v. Bake Young Realty,* 98 Idaho 182, 560 P.2d 504 (1977), the real estate broker has ultimate responsibility to the public. The public has a right to rely on that accountability. In this case, when Mr. Wood was concerned about the lack of progress on the sale of his property, he turned to appellant's broker. Not all sales-

men leave a broker's employ to become brokers themselves. Often they switch to another broker. In the absence of Regulation 19, one might expect confusion in a client's mind as to which broker is responsible to him. This Court disagrees with the fundamental premise of appellant's argument on appeal.

The fact that no harm came to the clients involved, and that restitution was subsequently made to the former broker does not rule out suspension of appellant's broker's license. The Real Estate Commission had the power to revoke appellant's license for violation of its regulations under I.C. § 54–2040. Here it chose the more moderate course of suspension, and modified its original ten-month suspension to five months upon rehearing. We find no abuse of discretion which would require reversal under I.C. § 67–5215. The judgment is affirmed with costs to respondent.