**Sadie GREENWALD, Plaintiff,**

v.

**The CUNARD STEAM-SHIP COMPANY Limited, also known as Cunard White Star Limited, Defendant.**

United States District Court
S. D. New York.
May 27, 1958.

Kleeberg & Greenwald, New York City (Morton H. Feder, New York City, of counsel), for plaintiff.

Lord, Day & Lord, New York City (Frank H. McFadden, New York City, of counsel), for defendant.

EDELSTEIN, District Judge.

In a personal injury action by a passenger against the owner and operator of an ocean going vessel, the defendant moves for summary judgment on the ground of the failure to commence the action within the contract limitation period, one year from the date of the accident. This limitation was not raised in the answer, nor was there a motion to dismiss prior to answer. In response to the motion for summary judgment, plaintiff contends that the defendant has waived its right to rely upon the contract condition by failure to plead it or to make a timely motion to dismiss. In addition the plaintiff argues that the limiting language of the passage ticket is not contractually binding upon her, and that even if it is binding, the defendant is es-

topped from asserting it as a defense because of oral representations made to her by an official of the defendant.

Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires, in a pleading to a preceding pleading, that affirmative defenses shall be set forth affirmatively, and Rule 12(h) provides that defenses not presented by a motion to dismiss or by answer are, with certain exceptions not relevant here, waived. It is arguable that the defense of limitations, not having been pleaded in the answer nor the subject of a motion to dismiss, is waived. But it seems more in harmony with the general concepts of procedure to limit the waiver of defenses to those which may be raised under Rule 12(b). See 2 Moore's Federal Practice 2329, § 12.23 (2d ed.); Commentary, Waiver of Defenses, 4 F.R.Serv. 12h.1. In any event, at this stage of the proceedings the defendant would certainly be permitted to avail himself of the liberal amendment provisions of Rule 15. Accordingly, whether the defense is held not to have been waived, or whether the defendant be deemed to have been granted permission to amend, the defense is properly before the court.

■ The ticket of passage purports on its face to be a contract between the steamship company and the passenger and "accepted by the passenger" on 24 listed "terms and conditions", set forth in small print on a sheet of paper about 13 inches long and 11 inches wide. Among the terms and conditions were the following:

"10. * * * No suit, action or proceeding against the company or the ship, or the Agents of either, shall be maintainable for loss of life or bodily injury to any passenger unless * * * (b) * * * the suit, action or proceeding is commenced within one year from the day when the death or injury occurred.

"11. The price of passage hereunder has been fixed partly with reference to the liability assumed by the Company as defined by this contract, and no agreement, alteration or amendment creating any other or different liability shall be valid unless made in writing and signed for the Company by its Chief Agent at the port of embarkation."

"20. All questions on this contract ticket shall be decided according to English Law with reference to which this contract is made."

The plaintiff argues that under the English law, the acceptance of a passage ticket is not, in and of itself, an acceptance by the passenger of all of the terms and conditions imprinted on it, and that when a passenger makes proof that he was unaware of the terms so imprinted, the carrier, seeking to enforce a limiting condition, must come forward and prove that it did all that was reasonable in the circumstances to bring to the attention of the passenger knowledge of that condition. But a complete answer is found in a decision by the Court of Appeals for this Circuit, Siegelman v. Cunard White Star, 2 Cir., 221 F.2d 189, involving substantially the same contract form as is involved in this case, and containing the identical provisions quoted. The Court said that the ticket should be treated as a contract and that failure to bring the action within the contract limitation period would be a defense under English law or American law.

■ In the same case, the Court of Appeals also held that the question of what conduct was sufficient to operate as a waiver of the ticket's provisions was to be determined by English law. "It appears true that in England a promise, supported by consideration, not to plead the statute of limitations is a sufficient answer to a defense based on the statute. 20 Halsbury's Laws of England, Limitation of Actions § 803 (2d Ed. 1936). And if there were a promise here, the plaintiff's forbearance from suit within the limitations period might be good consideration." Siegelman v. Cunard White Star, supra, 221 F.2d at page 198. In the cited case, the statements said to have been made by the defendant's agent

could not be treated as a promise. In the case at bar, however, the statements said, without contradiction, to have been made by defendant's agent may very well be taken as a promise, or at least a jury could so find. And it must be assumed, at this stage of the proceedings, that the defendant was bound by the alleged acts of the agent.

The defendant, however, relies upon clause 11 of the ticket, quoted above, requiring all alterations to the contract to be in writing and over the signature of the defendant's chief agent at the port of embarkation. The Court of Appeals indicated in the Siegelman case that the English law also controls the effect of the "alterations" clause, but found it unnecessary to consider the issue. Judge Frank, however, in his dissenting opinion analyzed the clause closely and interpreted it as having no application to clause 10, containing the limitations provision. See Siegelman v. Cunard White Star, supra, 221 F.2d at pages 203–204. I am thoroughly persuaded by this interpretation, and whatever effect the English law would give to such a clause, I find it irrelevant to the issue. There remains a genuine issue of material fact on the waiver of the ticket's limitations provision.

But the majority in the Siegelman case further held that even if the conduct of the defendant's agent were held to suspend the running of the limitations period, under English law the running would resume after the defendant's conduct made it apparent that it would use the defense of limitations. In the record presented to the court on the motion for summary judgment, there is no clear indication of any such conduct by the defendant. The plaintiff's affidavit does relate that on April 5, 1956, precisely eleven months after the accident, her lawyers wrote to the defendant suggesting settlement, and that on May 7, 1956, defendant sent her lawyers a specimen copy of their passenger contract ticket. Perhaps this copy was furnished for the purpose of indicating that the defendant intended to use the defense of untimeliness, but it is not possible, on the facts thus far adduced, to reach the conclusion that the defendant possessed that intention or that the plaintiff understood it or ought to have understood it. Indeed, the defendant has made no such argument. And certainly, the mere refusal to make settlement, if that is what occurred, need not necessarily be taken as making it apparent that the defense would be used.

The motion for summary judgment will be denied.