Elmer N. McKINLEY, Plaintiff,

v.

The BENDIX CORPORATION,
Defendant.

No. 74CV267–W–2.

United States District Court,
W. D. Missouri, W. D.

April 21, 1976.

Joseph H. Ernst, Thayer, Gum, Ernst & Wickert, Stanley D. Rostov, Grandview, Mo., for plaintiff.

Jerome T. Wolf, Spencer, Fane, Britt & Browne, Sandra L. Schermerhorn, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

COLLINSON, District Judge.

This is an action for alleged injuries resulting from plaintiff McKinley's termination from employment with defendant Bendix Corporation. In Count I, plaintiff seeks relief under the provisions of the Age Discrimination Act of 1967, 29 U.S.C. §§ 621 *et seq.* (1970), on the ground that he was discharged in violation of Section 623(a) of the Act. In Count II, plaintiff alleges a cause

of action under the Missouri Service Letter Statute, Mo.Rev.Stat. § 290.140 (1969). Defendant has moved for summary judgment on the issues raised in Count I. Plaintiff's counsel has filed suggestions in opposition to the motion. Jurisdiction of the cause alleged in Count I is proper in this Court under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 626(c) (1970). For the reasons stated herein, the Court finds that no material issues of fact remain and that defendant is entitled to judgment on Count I as a matter of law.

In their proposed Standard Pretrial Order No. 2, the parties stipulate to the following facts. Plaintiff was employed by defendant on December 11, 1950. On August 31, 1973, plaintiff was terminated pursuant to Article IV, Section 6, of defendant's "Salaried Employees Pension Plan" which provides for the involuntary retirement of defendant's employees after age 55 at the option of the company.[1] On the date of his retirement, plaintiff was fifty-five years old. Upon his retirement, plaintiff was afforded various benefits under the Plan including severance pay, accrued vacation pay, a paid-up life insurance policy, medical insurance, a monthly pension of $313.11 (which will be reduced when plaintiff becomes eligible for Social Security benefits) and the value of a "contingent beneficiary option" by which plaintiff's spouse will receive a monthly pension should she survive the plaintiff.

In support of its motion, defendant has submitted the affidavit of its Director of Industrial Relations and Security, Mr. W. E. Sharpe. Sharpe states therein that " . . the terms and provisions of the [Pension Plan] were applicable to [the plaintiff] in August of 1973 and such terms and provisions determined the early retirement benefits received . . ." by the plaintiff. Sharpe also avers that the company option early retirement provisions of the Plan have been in effect since " . . . at least as early as October 1, 1965. . . ." A copy of the Pension Plan is attached to the Sharpe affidavit and Sharpe states that said copy " . . . recites the full and complete terms of the pension plan applicable to the salaried employees . . . during August of 1973." Plaintiff has not contested the veracity of Sharpe's averments by counter-affidavit or otherwise and, accordingly, the Court will accept the averments as true. Rule 56(e), Fed.R.Civ.P.

Rather, plaintiff's counsel contend that (1) defendant's failure to raise in its Answer the affirmative defense of termination under the provisions of a bona fide plan precludes the presentation of this defense in the instant motion for summary judgment; (2) material issues of fact remain as to plaintiff's job performance; and (3) if plaintiff's dismissal was " 'at all tainted' with the impermissible criteria of age, the defendant has violated the statute." (Emphasis in original.)

■ While plaintiff's initial argument regarding waiver of the defense has some merit, see Rule 12(h), Fed.R.Civ.P., the Court believes that the better course is to allow presentation of the defense despite the failure to plead the defense at an earlier stage of the proceedings, especially in light of the liberal rules for amendment. See Rule 15, Fed.R.Civ.P., and Wright & Miller, Federal Practice & Procedure Civil: §§ 1277–78 (1969). Plaintiff has not alleged surprise or want of an opportunity to meet the issue raised and the Court will reject the waiver argument.

■ Further, the issue presented for determination is whether use of the Pension Plan company-option retirement provisions to effect plaintiff's involuntary retirement is a complete defense to plaintiff's cause for unlawful discharge. In the context of examining the affirmative defense raised herein, whether plaintiff's job performance was exemplary is irrelevant.

1. Article IV, Section 6 of the Plan provides that " . . . the [Retirement Committee] may, of its own volition, elect to retire any Participant on the last day of any month after he has attained age 55 and he shall be entitled to receive a Pension as provided in Section 3 hereof if at the time of his Retirement he then has had at least ten years of Service under the Plan, and has not theretofore been retired pursuant to this Section."

Plaintiff's contention that he is entitled to relief if his termination was "at all tainted" merely raises the legal issue of whether plaintiff's termination under the Pension Plan is a complete defense to his cause of action for age discrimination. For the reasons stated herein, the Court concludes that this defense is sufficient to bar entry of judgment in the plaintiff's behalf.

Section 623(a)(1) of the Act provides *inter alia* that "[i]t shall be unlawful for an employer—(1) . . . to discharge any individual . . . because of such individual's age." Section 623(f) further provides that "[i]t shall not be unlawful for an employer . . .—(2) to observe the terms of a . . . bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter . . ."

The Plan in question was initiated before the effective date of the Act on December 15, 1967, and it is stipulated that plaintiff has received and will continue to receive substantial benefits under the plan. Further, the Sharpe affidavit establishes that the plan was applicable to other of defendant's salaried employees at the time of plaintiff's termination. Plaintiff does not contend that the Plan is not "authentic" or "genuine" and, based upon the factors of the initiation date of the Plan, the benefits afforded under the Plan, and the applicability of the Plan to other employees, the Court finds and concludes that the Plan is "a bona fide employee benefit plan" and is not a "subterfuge" designed to avoid the prohibitions of the Act. *See Brennan v. Taft Broadcasting Co.*, 500 F.2d 212, 215–17 (5th Cir. 1974).

Further, the optional nature of the early retirement provisions does not render unlawful the invocation of those provisions as alleged in this cause. Under regulations promulgated by the Secretary of Labor, *see* 29 U.S.C. § 630 (1970), "[t]he fact that an employer may decide to permit certain employees to continue working beyond the age stipulated in the formal retirement program does not, in and of itself, render an otherwise bona fide plan invalid insofar as the exception provided [Section 623(f)(2)] is concerned." 29 C.F.R. § 860.110 (1975). Of course, due deference must be given to the interpretation of a statute by the administrative agency entrusted with enforcement of that statute. *Hodgson v. American Hardware Mutual Ins. Co.*, 329 F.Supp. 225, 228–29 (D.Minn.1971).

Thus, the Court finds and concludes that plaintiff was terminated involuntarily under the company-option retirement provisions of a bona fide employee benefit plan which was not designed as a subterfuge of the purposes of the Age Discrimination Act. Retirement under the provisions of the Plan in question is not a violation of the Act, 29 U.S.C. § 623(f)(2) (1970), and *see Hodgson, supra*, at 229. Accordingly, judgment will be entered for the defendant on Count I of the complaint.

The Court also notes that jurisdiction of the cause alleged in Count II does not appear on the face of the complaint. Therefore, plaintiff will be granted fifteen days within which to file an amended complaint regarding his service letter cause of action or, alternatively, to show cause why Count II should not be dismissed for want of federal jurisdiction.

For the reasons stated herein, it is

ORDERED that defendant's motion for partial summary judgment be, and hereby is, granted; and it is

ORDERED that the Clerk be, and hereby is, directed to enter judgment in favor of the defendant and against the plaintiff on Count I of the complaint; and it is

ORDERED that plaintiff be, and hereby is, granted leave of Court to file an amended complaint as to Count II within fifteen days of the date of this order or show cause in writing within the same period why Count II should not be dismissed for want of federal jurisdiction.