577 P.2d 33

**Larkin P. TROSPER and Barbara Trosper, husband and wife, Plaintiffs-Appellants,**

v.

**Clifford RAYMOND, Jr. and Jane Doe, husband and wife, Defendants,**

**and**

**Canyon County, a political subdivision of the State of Idaho, Defendant-Respondent.**

**No. 12226.**

Supreme Court of Idaho.

March 31, 1978.

Gary L. Morgan, Caldwell, for plaintiffs-appellants.

John P. Howard of Quane, Smith, Howard & Hull, Boise, for defendant-respondent.

PER CURIAM.

This appeal involves a wrongful death action arising from the July 4, 1974, drowning death of Clifford Trosper in a Caldwell gravel excavation pond that had filled with seeping groundwater. The pond is located on property owned by defendants Raymond and leased by respondent Canyon County pursuant to a gravel lease agreement. Plaintiffs-appellants Larkin and Barbara Trosper, parents of the deceased, filed formal notice of the claim against Canyon County on April 25, 1975, and joined Canyon County as a party defendant to the action on September 24, 1975. Canyon County moved for summary judgment because of appellants' alleged failure to file timely notice of the claim with the county as required by the Idaho tort claims act. The trial court granted the motion and dismissed the action against Canyon County with prejudice. This appeal followed. For the reasons below stated, the judgment is reversed.

The Idaho tort claims act, I.C. § 6–901 et seq., provides a comprehensive statutory scheme for the presentation of claims to recover money damages for the "negligent or otherwise wrongful act or omission" of a governmental employee "when acting within the course or scope of his employment." I.C. § 6–902(7). However, the act requires that all claims must be presented within the time limits specified by the tort claims act in order for the claim to be allowed. I.C. § 6–908. The time limit for presentation of claims against a county is specified in I.C. § 6–906: "All claims against a political subdivision arising under the provisions of this act . . . shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date the claim arose *or reasonably should have been discovered,* whichever is later." (Emphasis added.)

The record reflects that the action was initially brought against only defendants Raymond. Appellants stated, in answer to written interrogatories, that the county's interest in the gravel excavations was not brought to their attention until defendants Raymond answered the original complaint. Appellants then filed formal notice of the claim and, by amended complaint, sought to recover damages from respondent Canyon County. Based on these facts, appellants argue that although more than 120 days had elapsed between the date of the accident and the date they filed notice of their claim with Canyon County officials, the claim, nevertheless, could not reasonably have been discovered until defendants Raymond notified appellants of the county's interest in the gravel excavation. The claim, they argue, was filed within 120 days of this date and was, therefore, within the time specified by the tort claims act.

This court's review on appeal from summary judgment is limited to determining: "1. Whether there is a genuine issue as to any material fact; and 2. Whether the moving party is entitled to judgment as a matter of law." *Stewart v. Hood Corp.,* 95 Idaho 198, 200, 506 P.2d 95, 97 (1973). Determining when the county's interest in the gravel pond *reasonably should have been discovered* is a question of material fact which, by its very nature, is inappropriate for determination on a motion for summary judgment. I.R.C.P. 56(c); *Smith v. Great Basin Grain Co.,* 98 Idaho 266, 561 P.2d 1299 (1977); *Fairchild v. Olsen,* 96 Idaho 338, 528 P.2d 900 (1974); *Langroise v. Becker,* 96 Idaho 218, 526 P.2d 178 (1974). Such a question is properly one for jury determination unless jury trial has been waived, in which case it must be determined by the trial court after full factual presentation. We therefore hold that the trial court erred in granting respondent Canyon County's motion for summary judgment.

The judgment of the district court is reversed, and the cause is remanded for further proceedings. Costs to appellants.