649 P.2d 1209

Joyce BLUESTONE, Plaintiff-Appellant,

v.

John B. MATHEWSON,
Defendant-Respondent.

No. 13309.

Supreme Court of Idaho.

Aug. 5, 1982.

Jonathan George Ellison, Idaho Legal Aid Services, Inc., Lewiston, for plaintiff-appellant.

Joseph C. Adams, Jr., Lewiston, for defendant-respondent.

DONALDSON, Justice.

The defendant-respondent, John B. Mathewson, owned a rental house in Cheney, Washington. Around August 15, 1977, the plaintiff-appellant, Joyce Bluestone, contacted him about the possibility of her renting the house. Mathewson informed her that another person had already contacted him, but if that person did not rent the house he would hold the premises open for her. Bluestone then paid him $390.00 for the first and last months rent and a damage deposit.

Bluestone claimed she paid the $390.00 so that she would be considered for tenancy if the other person decided not to rent the house. She alleged that Mathewson was to let her know by August 31, 1977, as to whether or not he would rent to her. When she did not hear from him she decided not to rent the house and requested that the money be returned. The money was not returned and she commenced this suit.

Mathewson alleged that the money was not returned to Bluestone because a contract had been entered into between them on August 23, 1977, and was to continue until September 1, 1978. He claimed that after she informed him that she no longer wanted to rent the house he found another party interested in renting the house begin-

ning October 1, 1977. He then offered to return the rent for one month plus the deposit, but Bluestone refused the offer. Because she would not release him from the agreement he believed he could not re-rent the premises until November 1, 1977, and alleged that he suffered damages equal to two months rent plus the deposit.

Bluestone filed a complaint on December 9, 1977, for the return of the $390.00 that she had deposited with Mathewson. Mathewson filed his answer and cross-complaint.[1] On March 31, 1978, Mathewson filed an amended answer and cross-complaint alleging that the parties had entered into an agreement on August 23, 1977. Bluestone filed her reply to the amended cross-complaint on May 1, 1978.

On May 18, 1978, Bluestone filed a motion for summary judgment and alleged that, for purposes of this motion, she agreed with Mathewson that there was a contract entered into in August. However, she argued that the agreement was invalid because it was not in writing as required by I.C. § 9–505(1).[2]

The magistrate entered his order granting summary judgment based on I.C. § 9–505(1). He found that both parties agreed that an oral contract was entered into on August 23, 1977, and was to run from September 1, 1977, to August 31, 1978. However, he found the contract was unenforceable because it was not in writing and could not be performed within one year of its making.

The respondent filed his notice of appeal to the district court. The district judge entered an opinion reversing the summary judgment and remanding the matter for trial on its merits. The judge found the statute of frauds was waived because it is an affirmative defense and must be pleaded in the complaint or the reply to the counterclaim. This appeal followed.

Firstly, the respondent, Mathewson, argues that the appeal should be dismissed on the ground that the district court's denial of the summary judgment motion is not appealable. Mathewson claims that the magistrate's granting of the summary judgment motion was appealable but that the district court's denial is not because following *Wilson v. DeBoard*, 94 Idaho 562, 494 P.2d 566 (1972), a denial of a summary judgment motion is not appealable.

I.A.R. 11(a)(1), which addresses appealable judgments, reads in pertinent part:

"Rule 11. Appealable judgments and orders.—An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:

(a) Civil Actions. From the following judgments and orders of a district court in a civil action:

(1) Final judgments and decrees including decisions by the district court dismissing, affirming, or reversing or remanding an appeal."

This Court construed Rule 11(a)(1) in *Winn v. Winn*, 101 Idaho 270, 611 P.2d 1055 (1980), and held that "[d]ecisions by the district court dismissing, affirming, or reversing or remanding an appeal are appealable." *Id.* at 271, 611 P.2d at 1056.

■ Therefore, because the district court was acting as an appellate court and reversing and remanding a magistrate court's decision, this case is distinguishable from that situation set out in *Wilson, supra.* Following *Wilson*, a denial of a summary judgment motion is not appealable when a district court is not acting as an appellate court. However, when a district court is acting as an appellate court, I.A.R. 11(a)(1)

---

1. The defendant, pro se, prayed for affirmative relief against the plaintiff in a document which he labeled a "cross-complaint." Under I.R.C.P. 13(a) and 13(b), any claim "against any opposing party" is a counterclaim and not a cross-claim.

2. "9–505. Certain agreements to be in writing.—In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:

1. An agreement that by its terms is not to be performed within a year from the making thereof."

allows a party to appeal when the district court reverses a granting of the summary judgment motion.

■ Next, the appellant, Bluestone, contends that the district court erred in finding that she had waived the right to raise the statute of frauds defense for the first time in a summary judgment motion. The statute of frauds is an affirmative defense that must be raised in a responsive pleading or it is waived. I.R.C.P. 8(c).[3] The appellant argues that she should have the right to raise the defense in a summary judgment motion because this Court held in *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974), that the statute of limitations defense was properly presented to the district court in a motion to dismiss. This motion to dismiss was treated by the Court as a motion for summary judgment.

The respondent argues, however, that *Cook* does not apply because in *Cook* the record shows that there was no pleading filed prior to the summary judgment motion and in this case the appellant filed a reply to the counterclaim before the summary judgment motion. The respondent states that under the facts of this case *Resource Engineering, Inc. v. Siler*, 94 Idaho 935, 500 P.2d 836 (1972), applies and the affirmative defense must be raised in a mandatory pleading that has been filed or it is waived. The respondent argues that this Court held in *Resource Engineering* that a reply to the counterclaim is a mandatory pleading. Therefore, he claims that following *Cook, supra*, and *Resource Engineering*, an affirmative defense can be raised in a summary judgment motion only when a party has not yet responded to a mandatory pleading.

The respondent's argument has some merit but we are not persuaded. It is true that several federal circuit courts have held that a party may raise an affirmative defense by way of a motion for summary judgment only when the motion is the initial pleading tendered by a party. *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91 (5th Cir. 1976); *Roe v. Sears, Roebuck & Co.*, 132 F.2d 829 (7th Cir. 1943). However, even though it would have been a better practice for the appellant to have raised the affirmative defense in the reply to the counterclaim or to have requested an amendment, *See Paloukos v. Intermountain Chevrolet Co.*, 99 Idaho 740, 588 P.2d 939 (1978), we decline to follow the federal circuit courts cited. The defendant knew of the affirmative defense and was given time to present argument in opposition to the defense. This case is unlike *Paloukos* where the affirmative defense was not raised until the appeal to this Court.

Therefore, in light of I.R.C.P. 1(a), which mandates that the rules "be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding," we hold that where the defense was raised before trial and the defendant was given time to present argument in opposition, the defense of statute of frauds can be raised for the first time in the summary judgment motion even though the reply to the counterclaim has been filed. *McKinley v. Bendix Corp.*, 420 F.Supp. 1001 (W.D.Mo.1976); *Greenwald v. Cunard Steam-Ship Company*, 162 F.Supp. 250 (S.D.N.Y.1958); *See Baker v. Chicago, Fire & Burglary Detection, Inc.*, 489 F.2d 953 (7th Cir. 1973).

We reverse the district court's decision and reinstate the judgment of the magistrate court.[4]

---

**3.** This Court, as well as a number of federal courts, have predicated the waiver of an unpleaded affirmative defense on the language of I.R.C.P. 12(h) but Rule 12(h) only controls the waiver of defenses in Rule 12. However, "the waiver of affirmative defenses can be supported upon general statutory construction principles in view of the mandatory character of the language of Rule 8(c)." 5 C. Wright &

A. Miller, Federal Practice And Procedure § 1278, at 344 (1969).

**4.** The respondent makes a one-sentence statement supporting the district court's decision as follows: "there was also presented by the pleadings and answers to interrogatories sufficient evidence to show partial performance of the rental agreement and the motion should have been denied on this basis also." However, it is not supported by reference to any

Costs to appellant. No attorney fees on appeal.

BAKES, C. J., and McFADDEN and SHEPARD, JJ., concur.

BISTLINE, J., concurs in result.

BISTLINE, Justice, specially concurring.

This $390 lawsuit will have a lasting impact on the practice of law in Idaho under what commonly are referred to as the "Federal Rules" of Civil Procedure. For that reason I concur in the Court's opinion insofar as it holds that the failure to plead an affirmative defense does not across-the-board constitute a waiver of that defense which precludes it from being raised later. This is a commendable holding and strongly reinforces my own view of the "Federal Rules" as set forth in a number of opinions. It has been suggested that an absence of prejudice is a prerequisite finding necessary to substantiate a trial court ruling that a defense has been waived. However, I see it as a question of *timeliness*, and hence concur in the reversal of the appellate district court's opinion.[1]

Obviously, as in this very case, Mathewson *is* prejudiced by a holding which allows Bluestone to raise an affirmative defense, the application of which is fatal to the validity of his counterclaim. When Bluestone, in her reply to Mathewson's counterclaim, and in moving for summary judgment, did not raise the affirmative defense of the Statute of Frauds,[2] Judge Maynard,

---

portion of the transcript or record, nor citation of authority on argument to persuade us that the doctrine has any applicability to this case. Furthermore, it does not appear that the issue was presented at the trial court level. Therefore, this Court will not consider it. *In re Holt*, 102 Idaho 44, 625 P.2d 398 (1980); *Dunn v. Baugh*, 95 Idaho 236, 506 P.2d 463 (1973).

1. Conceivably, demonstrable prejudice might in some situations be an element for consideration in determining timeliness. Generally, however, the rules hereinafter discussed should be controlling.

2. There was no trial; hence the statement of facts in the Court's opinion is gleaned from the allegations of the parties, and the statements and argument of the parties in briefs.

Plaintiff Bluestone in her complaint sought the return of $390 which she alleged Defendant Mathewson owed her when a *tentative* renting agreement fell through, the amount sought being a deposit which she contended placed her next in line. Mathewson in his answer and counter-claim sought damages for her breach of an alleged *firm* rental agreement:

"On August 15, 1977 (plaintiff) JOYCE BLUESTONE rented premises at 128 W. 3rd St., Cheney, Washington from JOHN MATHEWSON (defendant and cross complainant).
"Rent period to start September 1, 1977 and run for one year ending August 31, 1978. Rental to be One Hundred Forty Five Dollars ($145.00) per month, damage deposit to be forfeited in case of damage or failure to rent for the entire year. One Hundred Forty Five Dollars ($145.00) for the first month rent, One Hundred Forty Five Dollars ($145.00) for the last months rent, One Hundred Dollars ($100.00) damage deposit making a total of Three Hundred Ninety Dollars ($390.00).

"A cashiers check was given defendant and cross complainant on August 15, 1977."
Before she replied to the counter-claim, defendant amended to allege the basis of his claim against her in this language:
"1.
"On August 15, 1977, Plaintiff and cross-defendant, JOYCE BLUESTONE rented premises at 128 W. 3rd St., Cheney, Washington from defendant and cross-plaintiff, JOHN B. MATHEWSON who resides at 2415 —16th Ave., Lewiston, Idaho, on the following terms:
"11.
"Plaintiff and cross-defendant agreed to rent premises for one year, starting on September 1, 1977 to August 31, 1978. Rental to be one hundred forty five dollars ($145.00) per month, damage deposit to be forfeited in case of damage or failure to rent for the entire year. One hundred forty five dollars ($145.00) for the first months rent, one hundred forty five dollars ($145.00) for the last months rent, one hundred dollars ($100.00) damage deposit making a total of three hundred ninety dollars ($390.00). A cashiers check was given to defendant and cross-plaintiff on August 15, 1977. The above was subject to be confirmed by the defendant and cross-plaintiff prior to September 1, 1977.
"111.
"On August 23, 1977 the plaintiff and cross-defendant was told that she had rented the premises at 128 W. 3rd St., Cheney, Washington."
Bluestone filed a Reply to the Counter-claim, but made no affirmative defense based on the Statute of Frauds. She then moved for summary judgment, again not raising the Statute of Frauds as a defense, but apparently raised the proposition as an issue in her argument before

on one view of the language of Idaho Rules of Civil Procedure 8(c) and 12(b), properly could have concluded (as he did) that she had waived that defense. For certain it has long been· thought by a number of Idaho's judges and practitioners that Rule 8(c), which requires that "In pleading to a preceding pleading, a party *shall* set forth affirmatively . . . statute of frauds . . ." (emphasis added), is indeed mandatory and unyielding, and equally, if not more so, is the language of Rule 12(b): "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, *shall* be asserted in the responsive pleading thereto if one (1) is required . . . ." (Emphasis added.)[3] A closer reading of Rule 12(b), however, results in the conclusion that notwithstanding the use of the word "shall," the plain import of the rule is to require that the eight defenses enumerated therein be raised by motion, obviously in advance of filing a responsive pleading which could also, at the pleader's option, raise those same defenses. Note that the rule says that such a motion "*shall* be made before pleading," (emphasis added) but then proceeds to say that no defense or objection is *waived,* if incorporated in a responsive pleading or motion. So, although "shall" often means "must," nevertheless it certainly does not so mean when viewed in the self-contradictory language of Rule 12(b), at least not to the extent that the failure to comply with "shall" always results in waiving a defense.

Rule 12(h)[4] is the rule to which resort may be had to eliminate any doubts. Therein it is declared without ambiguity which defenses are capable of being irrevo-

cably waived, but only certain defenses listed in Rule 12(h) have been incorporated from 12(b): "(2) lack of jurisdiction over the person, (3) improper venue, which motion shall state the grounds therefore and be considered as a motion for proper venue, but need not be accompanied by an affidavit, (4) insufficiency of process, [and] (5) insufficiency of service of process . . . ." Thus it is seen that Rule 12(h) is the *only* rule which goes so far as to declare that a waiver takes place when those certain above set-forth defenses are not raised by motion or in appropriate responsive pleadings. No other rule is so worded.

Further enlightenment is found in I.R. C.P. 13(f) and 15(a). Rule 13(f) allows the late pleading of a counterclaim by way of amendment when it was pleaded earlier and the excuse is "oversight, inadvertence, or excusable neglect." Even more broadly, such amendment is to be allowed "when justice requires." It should follow, as night does day, that if a belated counterclaim will be readily allowed, then a like construction of the rules would allow a belated amendment to a reply to a counterclaim.

Rule 15(a) speaks to allowing belated amendments with equally liberal language. No mention of prejudice to the opposing party is mentioned, but instead the focal point is whether the action has been set for trial—"placed upon the trial calendar." Some amendments may be made as a matter of course, and, as to those requiring leave of court first obtained, "leave shall be freely given when justice so requires."

In the case at hand there is no suggestion that the case was on the trial docket. On the contrary, the motion for summary judg-

---

the magistrate, perhaps in a brief, or orally. At any rate, she prevailed, and her motion was granted and the case at that level ended with a monetary judgment in her favor.

Mathewson, who until that time had appeared *pro se*, retained counsel and appealed to the district court which reviewed the case as an appellate court, and reversed the magistrate, on the basis of Bluestone's failure to timely raise the affirmative defense, the district court holding that such failure to raise the defense amounted to a waiver. Bluestone appeals that decision to this Court.

3. A noble gesture would be to remove the parenthetical (1). "One," in the sense used, has nothing to do with numerical count, but is a pronoun referencing back to "responsive pleading." The rule is confusing enough without it.

4. Here again, it would nobly advance the practice of law if the capital "A" and "B" were stricken from the rule. Both are totally unnecessary and add nothing but confusion to a reader.

458

ment followed on the heels of extensive discovery proceedings, and there had not been any pre-trial conference. Apparently, during the discovery, or in briefing the motion, Bluestone's counsel discovered the possible applicability of the Statute of Frauds, and thereupon argued it. Timewise this was less than three weeks after Bluestone's reply was filed, and at that stage of the proceedings the raising of the defense was not untimely.[5] Such being the state of affairs, and it already having been established in Idaho jurisprudence that a motion for summary judgment effectively amends the pleadings and is not an improper manner in which to raise an affirmative defense, *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974); see *Harbaugh v. Myron Harbough Motor, Inc.*, 100 Idaho 295, 597 P.2d 18 (1979); *Trosper v. Raymond*, 99 Idaho 54, 577 P.2d 33 (1978), the magistrate did not err in entertaining the motion, and I am not persuaded that there was error in granting it. In that respect, it should be made clear that the Court's opinion treats the oral lease agreement entirely as a matter of contract. I do not myself see the Court wanting to be understood as holding that oral one-year leases, a common thing in farming and ranching transactions,[6] as well as in other types of tenancy, are invalid because made a few days, weeks, or even months before the commencement of the lease term—a contention which most definitely was not presented, briefed, or argued below or in this Court.

The judgment of the magistrate should be reinstated on the basis of the defense having not been untimely raised, and in the interests of justice. *Jones v. Watson*, 98 Idaho 606, 570 P.2d 284 (1977).

---

**5.** Bluestone's brief argues that Mathewson was not prejudiced by her delay in raising that issue because Mathewson still had the opportunity to argue the point. As previously stated, the question is not one of prejudice. Timeliness is the proper criterion.

**6.** A good discussion is found in 72 Am.Jur.2d, Statute of Frauds § 27 (Agreement for Lease of Realty).