889 P.2d 1112

Victor M. KRAMER, Plaintiff–Appellant,

v.

CENTRAL HIGHWAY DISTRICT, a political subdivision of the State of Idaho, and Chairman Thomas Zenner, Commissioner Del Lunders, and Commissioner Dick Randal, and Employees of The Central Highway District, John Does 1, 2, 3, 4, Defendants,

and

Nez Perce County, a political subdivision of the State of Idaho, and County Commissioners Irvin Hill, Earl Ferguson, and Leonard Williams, and John Does 1, 2, & 3, Defendants–Respondents.

No. 20685.

Supreme Court of Idaho, Moscow, October 1994 Term.

Feb. 21, 1995.

---

5. In light of our holding, we need not address whether I.R.C. § 280A(c)(6) controls.

Henderson, Hadley & Grow, Lewiston, for appellant. James W. Grow, Jr. argued.

Ramsden & Lyons, Coeur d'Alene, for respondents. Marc A. Lyons argued.

SILAK, Justice.

This is an appeal from an order granting summary judgment and dismissing with prejudice the plaintiff's tort action against Nez Perce County. The district judge held that the plaintiff failed to serve a notice of tort claim on Nez Perce County within 180 days from when the claim arose or reasonably should have been discovered, as required by the Idaho Tort Claims Act, I.C. § 6–906. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On May 3, 1990, Victor M. Kramer, a California resident, was traveling on Reubens Road located in Nez Perce County and Lewis County at the posted speed. When Kramer crossed the border from Nez Perce County and entered Lewis County, the road abruptly turned from pavement into gravel, and Kramer's car turned broadside and rolled, causing Kramer serious injuries.

On October 2, 1990, Kramer's counsel sent a Notice of Tort Claim to the Latah County Clerk. On October 5, 1990, Lewis County also received notice of the Tort Claim from Kramer. The claim asserted that "[t]he accident was caused by the county's negligence

in failing to place warning signs on the road advising drivers of [the] change in road conditions."

Kramer's counsel received two nearly identical responses to the above notices from Corroon & Black, respectively identifying Corroon & Black as the claims administrator for Latah and Lewis counties. The response letters each denied maintenance responsibility for the "area," and identified the Central Highway District as possibly having maintenance responsibilities:

> Please be advised that [Latah/Lewis] County has no maintenance responsibilities for this area. This, we understand, is the responsibility of the Central Highway District. Since Central Highway District is a separate entity and not under the jurisdiction of [Latah/Lewis] County, we must respectfully deny payment of this claim on behalf of [Latah/Lewis] County.

Corroon & Black sent the Latah County response on October 23, 1990, and the Lewis County response on October 29, 1990. Corroon & Black administers all claims for the Idaho County Reciprocal Management Program (ICRMP). Lewis, Latah, and Nez Perce Counties are members of, and maintain liability insurance with, the ICRMP. After receiving the response letters from Corroon & Black, Kramer's counsel filed a Notice of Tort Claim with the Central Highway District on November 1, 1990.

On November 25, 1990, photographs were taken of the accident scene which came into the possession of Kramer's counsel. The photographs included photos of a sign that said "Entering Nez Perce County," which was in place on the day of the accident, May 3, 1990.

On May 1, 1992, counsel for the Central Highway District took Kramer's deposition. After the deposition that day, counsel for the Central Highway District informed Kramer that the paved portion of Reubens Road, and the responsibility of its maintenance and sign posting, were with Nez Perce County and not the Central Highway District. That same day, Kramer's counsel filed a Notice of Tort Claim with Nez Perce County.

On May 11, 1992, Kramer received a response from Willis–Corroon (formerly Corroon & Black, hereinafter Corroon) stating it was the claims administrator for Nez Perce County and denying Kramer's claim on grounds that it was not filed within the 180 day requirement of I.C. § 6–906. On August 21, 1992, Kramer filed an amended complaint naming Nez Perce County and its Board of Commissioners as defendants.

Nez Perce County moved for summary judgment claiming Kramer failed to serve notice on Nez Perce County within the 180 days specified in I.C. § 6–906. The district judge granted the motion and dismissed with prejudice Kramer's action against Nez Perce County.

## II.

## STANDARD OF REVIEW

▇ In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the district court in ruling on the motion for summary judgment. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). On review, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). Summary judgment shall be granted if the court determines that "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...." I.R.C.P. 56(c).

## III.

## ANALYSIS

A. KRAMER FAILED TO SERVE NOTICE ON NEZ PERCE COUNTY WITHIN 180 DAYS FROM WHEN THE CLAIM REASONABLY SHOULD HAVE BEEN DISCOVERED.

The Idaho Tort Claims Act states that "[n]o claim or action shall be allowed against

a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6–908. The Act establishes a 180–day time limit to file a claim:

> All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6–906. At issue in this case is when "the claim ... reasonably should have been discovered." The accident occurred on May 3, 1990. The notice of tort claim was filed with Nez Perce County on May 1, 1992, nearly two years later. Accordingly, Kramer's claim is barred unless Kramer reasonably should not have been able to discover his claim against Nez Perce County until approximately one and a half years after the accident, that is, one hundred eighty days prior to May 1, 1992.

■ Based on the undisputed facts of this case, we conclude that Kramer reasonably should have discovered his claim against Nez Perce County well within the first year and a half of the accident, if not within the first 180 days. This is not a latent injury situation. There is no dispute when the accident occurred or the alleged cause of Kramer's injuries. The tort claim notices sent to both Lewis and Latah counties demonstrate that within the first 180 days from the accident, Kramer knew he had been injured while traveling on a "County" road commonly referred to as "Reubens Road," "near Reubens, Idaho," and allegedly that "[t]he accident was caused by the county's negligence in failing to to [sic] place warning signs on the road advising drivers of said change in road conditions." All that remained was for Kramer to determine the potentially responsible county/counties or other political subdivisions and serve notice. The burden was his.

Kramer mistakenly served Latah County on October 2, 1990. Several days later, he served Lewis County, but failed to also serve Nez Perce County. Nothing in the record explains why Kramer failed to serve Nez Perce along with Lewis County in early October 1990. Nothing in the record reveals any difficulty with learning that Reubens Road lies partially in Nez Perce County. At any time during the six months after the accident Kramer or his representatives could have determined with minimal effort that part of Reubens Road in the area of the accident was in Nez Perce County. Likewise, it seems that with minimal effort Kramer could have determined whether Nez Perce County or some other political subdivision was responsible for maintaining the road.

■ Even when construing the record most favorably to Kramer, we cannot ignore the fact that Kramer obtained photographs of the accident scene taken on November 25, 1990, which revealed a sign stating "Entering Nez Perce County." Accordingly, within the first seven months after the accident, Kramer knew or reasonably should have known that part of Reubens Road involved in the accident was in Nez Perce County. This Court has held that "[k]nowledge of facts which would put a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the 120–day period." *McQuillen v. City of Ammon,* 113 Idaho 719, 722, 747 P.2d 741, 744 (1987); *Newlan v. State,* 96 Idaho 711, 717, 535 P.2d 1348, 1354 (1975). At a minimum, before the end of 1990 Kramer had sufficient facts which would put a reasonably prudent person on inquiry as to a potential claim against Nez Perce County.

Kramer claims he relied on two letters from the insurance claims adjuster, Corroon, dated respectively October 23 and 29, 1990. Those letters stated that Latah and Lewis County had no maintenance responsibilities for the "area," and stated, "[t]his, we understand, is the responsibility of the Central Highway District." The district court held that relying on correspondence from the claims adjuster was unreasonable. We agree. The letters are not conclusive. The letters state "*we understand*" this area is the responsibility of the Central Highway District. They seem to put the duty on Kramer to inquire whether, in fact, the Central Highway District was responsible for maintenance, and whether it was the *only* entity

who maintained the road, or could otherwise be held responsible for the accident. The correspondence from an insurance claims adjuster did not relieve Kramer of his statutory burden to act as a reasonably prudent person in discovering the appropriate government entities for service of his tort claim notice.

Kramer further argues that under the circumstances, the date Kramer reasonably should have discovered his claim against Nez Perce County is a question of material fact which is inappropriate for determination on a motion for summary judgment, citing *Trosper v. Raymond,* 99 Idaho 54, 55, 577 P.2d 33, 34 (1978). *Trosper* is distinguishable. There, parents of a man who drowned in a gravel excavation pond brought a wrongful death action against the property owner. When the property owners answered the complaint, the plaintiffs learned for the first time that the owners had leased the gravel excavation property to the county. There is no indication that the existence of the lease agreement was apparent or a matter of public record. By contrast, the location of Reubens Road is no hidden fact. Moreover, *Trosper* must now be applied consistently with *McQuillen, supra,* 113 Idaho at 722, 747 P.2d at 744 (1987) (knowledge of facts which would put a reasonably prudent person on inquiry will start the running of the 120–day period).

## B. NOTICES SENT TO LATAH AND LEWIS COUNTIES DO NOT CONSTITUTE NOTICE TO NEZ PERCE COUNTY.

■ Alternatively, Kramer argues that Nez Perce County, through its claims administrator, Corroon, obtained timely notice of his claim after Kramer served his notices on the Latah and Lewis Counties, citing *Sysco Intermountain Food v. City of Twin Falls,* 109 Idaho 88, 705 P.2d 548 (Ct.App.1985), and *Pounds v. Denison,* 120 Idaho 425, 816 P.2d 982 (1991).

The argument lacks merit. The tort claim notices sent to Latah and Lewis Counties failed to put *Nez Perce* County on notice "that a claim against *it* is being prosecuted." *Stevens v. Fleming,* 116 Idaho 523, 530, 777 P.2d 1196, 1203 (1989) (discussing *Huff v. Uhl,* 103 Idaho 274, 647 P.2d 730 (1982)).

Moreover, Kramer never served a tort claim notice on Corroon, comparable to the claimant in *Sysco.* Corroon learned of Kramer's tort claim from the notices sent to Latah and Lewis Counties. Nez Perce County cannot be charged with notice of a claim against *it* merely because the administrator for the ICRMP becomes aware of claims asserted against different counties. In addition, this Court recently declined to follow *Sysco* in *Friel v. Boise City Housing Authority,* 126 Idaho 484, 887 P.2d 29 (1994). In *Friel,* we affirmed summary judgment against the claimant, holding that the claimant's actions of notifying the governmental entity's insurance company of her accident and medical expenses failed to satisfy the notice filing requirements set out in I.C. § 6-906. *Id.* at 486–487, 887 P.2d at 31–32, *citing Stevens v. Fleming,* 116 Idaho 523, 530–31, 777 P.2d 1196, 2003–04 (1989) (this Court has rejected the proposition that notice of a potential insurance claim constitutes notice of a potential tort claim sufficient to satisfy the notice requirements of I.C. § 6–907). In *Friel,* we stated:

> The holding in *Sysco,* that notice of a potential claim to a governmental entity's insurer constitutes substantial compliance with the ITCA notice requirements, was not necessary to the disposition of *Pounds,* and the reference in that opinion to the *Sysco* rationale was dicta. . . .

126 Idaho at 486, 887 P.2d at 31.

Kramer argues that because of the tort claim notices sent to Latah and Lewis Counties, Corroon investigated the accident and its location, knew of the changing road surface conditions, and knew Reubens Road runs through both Nez Perce and Lewis Counties. Kramer also asserts that Nez Perce County, as a regular business practice, conferred directly with Corroon on all claims.

Assuming this is true, it was not Corroon's duty to notify Nez Perce County of Kramer's claim. It was Kramer's. Moreover, if Kramer's argument is correct that Corroon knew the location of the accident from its investigation, and knew Reubens Road runs through Lewis and Nez Perce County, it confirms that Kramer reasonably should have obtained the same information by his own investigation, and hence was on inquiry notice before the end of 1990, at the latest.

*McQuillen,* 113 Idaho at 722, 747 P.2d at 744 (1987).

## IV.

## CONCLUSION

Kramer reasonably should have discovered his claim against Nez Perce County well within the first year and a half of the accident, if not within the first 180 days. Accordingly, his May 3, 1992 notice of tort claim against Nez Perce County was untimely under I.C. § 6–906. Kramer's contention that Corroon was Nez Perce County's agent lacks merit. We have considered Kramer's other arguments and conclude they lack merit. The order granting summary judgment in favor of Nez Perce County against Kramer is affirmed. Costs on appeal to respondent.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and BURDICK, J. Pro Tem, concur.